MARK YOUNG v. THE OHIO FARMERS' INSURANCE COMPANY.

*Fire insurance—Proofs of loss—Waiver.*

1. A statement by the general adjuster of an insurance company to the insured, who had prepared unsworn schedules of the items of the destroyed property, which he termed "proofs of loss," and offered to the adjuster, that he did not care for them, and that they were not necessary, is equivalent to a refusal of such proofs.

2. Where a general adjuster of an insurance company visits the scene of a fire on notice from the agent who placed the insurance, and communicates to the agent the result of his investigations, a notification by the agent to the insured that the company refuses to pay the loss relieves the insured from furnishing proofs of loss, the time limited in the policy for furnishing such proofs not having expired at the time of such notification.

Error to Lake. (Judkins, J.) Submitted on briefs March 4, 1892. Decided June 10, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*T. E. Barkworth,* for appellant, contended:

1. This case is covered by the principles decided in *Gould v. Insurance Co.,* 90 Mich. 302.

*C. A. Withey (A. P. Stark,* of counsel), for plaintiff.

MONTGOMERY, J. The plaintiff sued upon a fire insurance policy issued by the defendant, and the circuit judge directed a verdict in his favor.

The sole defense relied on was the failure of the plaintiff to furnish proofs of loss within 60 days after the fire. The only testimony offered, aside from the policy, was that of the plaintiff, who testified that very soon after the fire the defendant's adjuster visited him, and that the plaintiff then had what he termed in his testimony "proofs of loss" made out, and offered them to the adjuster, who assured him that he did not care for them; that they were not necessary. It appeared that these papers called "proofs of loss" were schedules of the items of property destroyed. It did not appear that they were sworn to. It also appeared by the testimony that the insurance was placed by J. C. Holden of Reed City; that after the fire plaintiff communicated with Mr. Holden, who advised him that the adjuster would be there in a few days; and also that after the visit of the adjuster he again communicated with Mr. Holden, and was finally told by him that the defendant refused to pay the loss, and that this information was conveyed to him before the expiration of the time limited by the policy for making proofs of loss. The circuit judge ruled that under these circumstances the requirement that proofs of loss be furnished within 60 days was waived.

The provisions of the policy relating to proofs of loss and waiver are as follows:

"If fire occur, the insured shall give immediate notice

of any loss thereby in writing to this company, \* \* \* and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof, and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; any change in the title, use, occupation, location, possession, or exposure of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged, and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances, and believes that the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

This is followed by the usual provision that the insured must, if required, submit to examination under oath, produce books of account, etc., and for the appointment of appraisers at the election of the company, and then follows the following:

" This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal, or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required. \* \* \* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the

foregoing requirements, nor unless commenced within twelve months next after the fire."

The policy contains a further provision that—

"No officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of the agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

It is claimed by the appellant that, in view of these provisions, the agent of the insurer cannot waive the furnishing of the proofs of loss. This proposition is generally true, but the company can act only through its officers or agents, either general or special. It cannot be doubted that the adjuster had power to receive or refuse proofs of loss, nor can it be doubted that, had he accepted and retained such proofs as the insured had prepared on the occasion of his visit, they would have answered the requirements of the policy, even though informal in some respects. But he refused to do this. Furthermore, it has been frequently held that a refusal to pay by the company obviates the necessity of furnishing proofs of loss altogether. In the present case the company was represented in the matter of the adjustment by its general adjuster, who came upon the ground upon notification by the agent, and who communicated the result of his investigation to the local agent, and by the local agent the information was conveyed to plaintiff that the defendant refused payment. This brings the case directly within *O'Brien v. Insurance Co.*, 52 Mich. 131. The statement that the proofs of loss that plaintiff

had prepared were not required was equivalent to a refusal of the proofs of loss, and in this respect the case is stronger for the plaintiff than was that of *Gristock v. Insurance Co.*, 87 Mich. 428.

The judgment will be affirmed, with costs.

The other Justices concurred.