BARSTOW *v.* FEDERAL LIFE INSURANCE CO.

1. INSURANCE—PROOF OF LOSS—QUESTION FOR JURY.

   Whether newspaper account of accident resulting in death of insured complied substantially with insurer's request for further proof of loss, and whether it was mailed to and received by it, *held,* properly submitted to jury, on record.

2. EVIDENCE—MAILING LETTER—PRESUMPTIONS.

   Letter properly addressed, stamped, and mailed is presumed to have been delivered, and, while such presumption is not conclusive, denial of its receipt is none the more so, but makes question one for jury.

3. INSURANCE—PROOF OF LOSS—DIRECTED VERDICT.

   In action on life insurance policy, where it appears that insurer, on being notified of death of insured, did not furnish forms for proof of loss, but requested newspaper account of accident, which was forwarded, and nothing further done, insurer was not entitled to directed verdict for failure of beneficiary to furnish proof of loss within period fixed in policy.

---

On presumption as to receipt of communication sent through mail, see annotation in 49 L. R. A. (N. S.) 458, 462; 63 A. L. R. 931.

As to character and sufficiency of evidence required to show mailing, see annotation in 25 A. L. R. 9.

4. Same—Notice—Waiver of Regularity.
   Receipt and retention by insurer of informal notice and proofs, without objection or demand for further or more definite notice and proofs, constitute waiver of objections to their regularity.

Appeal from Menominee; Bell (Frank A.), J. Submitted April 19, 1932. (Docket No. 144, Calendar No. 36,457.) Decided June 6, 1932.

Assumpsit by Edward Barstow, as assignee, against Federal Life Insurance Company on a policy of insurance. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*George Barstow* (*Francis Murphy,* of counsel), for plaintiff.

*John J. O'Hara* (*Jerome F. Kutak,* of counsel), for defendant.

North, J. Plaintiff, as assignee of the beneficiary, brought this suit upon an insurance policy. From a judgment in his favor defendant appealed. The phases of the case material to this appeal appear in the portion of the charge of the circuit judge which we quote:

"The plaintiff seeks to recover the amount he claims is due upon the policy referred to, because of the accidental death of the assured (Joseph Charles Gaber), which occurred in the State of Wisconsin on the 10th of May, 1929.

"It is admitted that on April 11, 1925, the defendant insurance company issued a policy of insurance to Joseph Charles Gaber, in which his mother, Mary Gaber, was made the beneficiary. That policy provided that the company would pay for loss of life sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person, etc. * * *

"It is also admitted that upon May 10, 1929, the assured, Joseph Charles Gaber, met sudden death in a collision between an automobile and the motorcycle which he was riding.

"It is admitted that on or about the 20th of May, 1929, Mary Gaber, the mother, the beneficiary in the policy referred to, wrote a letter, directed to the Federal Life Insurance Company, dated Niagara, Wisconsin, May 20, 1929: 'This is to notify you that Joseph Gaber was killed in an accident on Highway 67, May 10, 1929. Policy No. 577040. Receipt No. W248700. Date paid, 3/30/29. (Signed) Mrs. Mary Gaber, Mother.' * * *

"It is admitted that the defendant company received that letter on the following day. It is also admitted that the defendant company replied to that letter on the 22d day of May, which reply has been read, and it is admitted that this letter was received by Mary Gaber.

"It is claimed by the plaintiff that within about two days after the receipt of this letter she, Mary Gaber, mailed to the insurance company a newspaper, which contained an account of the collision and death of the young man; and it is denied by the defendant that it ever received that newspaper. And as I shall show you later, this raises the only question for your consideration in this case. * * *

"I said to you a moment ago that the question for your consideration was whether the newspaper in question was received by the Federal Life Insurance Company. The question really is whether or not the beneficiary, the mother, furnished the proofs of loss required by the policy and the law. The policy provides that written notice of the injury on which the claims are based, must be given to the company within 20 days after the date of the accident causing the injury, and in the event of accidental death immediate notice thereof must be given to the company.

"I charge you that the letter which has been shown in evidence shows a sufficient compliance with that provision of the policy.

"There is another provision of the policy to the effect that the company, upon receipt of such notice (notice of the death) will furnish the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within 15 days after receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proofs of loss, upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss, for which claim is made. * * *

"It appears that no form of proof of loss was furnished to Mrs. Gaber; but that, instead, the company on May 22d, (wrote) asking, 'That you kindly tell us just how this accident occurred, inclosing any newspaper clipping available.'

"Now it is the claim of the plaintiff that, I think, within two days—you will remember the fact—she sent a copy of the Iron Mountain News, containing an account of the collision and death of her son, and she claims that she sent this by mail, properly addressed to defendant, with postage prepaid, and that the report of the collision and death in the newspaper fully complied with the request of the defendant to be told just how this accident occurred, and to be furnished with a newspaper clipping.

"Now the defendant claims it never received that newspaper, and that therefore the beneficiary, under whom the plaintiff, Barstow, claims, did not do her legal duty to entitle her to recover under this policy.

"The question then for you is, was the newspaper delivered to the defendant, and did it substantially comply, if it was sent, with the request of the defendant company for further information?

"It is the generally recognized rule of law, in these days, that proof of mailing a letter or other

communication, properly addressed to the residence of the addressee, or to the place at which he usually received his mail, and otherwise conforming to the postal laws and regulations concerning postage, raises the presumption of the due delivery and receipt thereof. And when receipt is denied, it becomes a question of fact for the jury to determine; and there is your question. Did this newspaper account comply reasonably with the request of the defendant for further information, and was it received by the defendant? If you shall say yes, then the plaintiff is entitled to recover here. * * *

"The burden is upon the plaintiff to establish his claim by a preponderance of evidence, to entitle him to a verdict at your hands."

Under the foregoing charge the jury found that the newspaper account complied substantially with defendant's request for further proof of loss, and that it was mailed to defendant by Mrs. Gaber and received by it. We find in the record ample proof to justify submitting this question to the jury and to sustain its verdict.

"A letter shown to have been properly addressed, stamped, and mailed is presumed to have been delivered; and, while such presumption is not conclusive, a denial of its receipt is none the more so, but makes the question one for the jury." *Rauch* v. *Michigan Millers' Mutual Fire Ins. Co.* (syllabus), 131 Mich. 281.

See, also, *Rowsseau* v. *Brotherhood of American Yeomen,* 186 Mich. 101, citing numerous cases.

Appellant's contention that the court erred in instructing the jury on the presumption of delivery and receipt of the newspaper mailed to defendant is without merit.

Both at the close of plaintiff's proof, and again at the final closing of proofs, defendant moved for

a directed verdict on the ground that the beneficiary did not furnish proof of loss in compliance with section 7, part 7, of the policy. The court's denial of this motion is assigned as a reason for the appeal and stressed in appellant's brief:

Section 7, part 7, of the policy, reads:

"Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within 90 days after the termination of the period for which the company is liable, and in case of claim for any other loss, within 90 days after the date of such loss."

In view of the record made, the ruling of the circuit judge in denying defendant's motion for a directed verdict was correct. After defendant was notified of the loss, it refused or neglected to furnish the beneficiary with the usual forms on which to make proof of loss. Instead it requested that it be furnished proof of the exact character which the jury found the beneficiary forwarded to defendant and was received by it. Months later defendant denied liability because of the beneficiary's failure to furnish proof of loss within the period specified in the above-quoted portion of the policy. Testimony offered by plaintiff that proof of loss of the character requested by defendant was furnished presented an issue of fact; and defendant's motion for a directed verdict was properly denied.

"The receipt and retention by the company of informal notice and proofs, without objection, or demand for further or more definite notice and proofs, constitute a waiver of objections as to their regularity." 1 C. J. p. 479.

Judgment is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.