RATZ *v.* FIREMEN'S INSURANCE CO.

1. Insurance—Waiver—Estoppel.
   Waiver by fire insurance company of formal proofs of loss is in nature of estoppel.

2. Same—Proofs of Loss—Waiver.
   That adjuster received, without objection, list of goods destroyed without value thereof, and made no demand for further proofs of loss, did not amount to waiver of formal proofs of loss, where subsequent conduct of parties demonstrates that insured was not misled or lulled into inactivity by anything adjuster said or did and that he did not rely thereon to his injury.

3. Same.
   Conclusion of trial court that formal proofs of loss were not waived by adjuster, either expressly by denial of liability or by his conduct relied on by insured to his injury, *held,* sustained by evidence.

Appeal from Berrien; White (Charles E.), J. Submitted April 12, 1933. (Docket No. 35, Calendar No. 37,035.) Decided June 5, 1933.

Assumpsit by Ferdinand Ratz against Firemen's Insurance Company, a foreign corporation, for losses under a fire insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*John J. Sterling* (*Webster Sterling,* of counsel), for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendant.

FEAD, J. Defendant had judgment in action on a fire insurance policy, on trial before the court without a jury. The policy required assured to make a complete inventory of the property (furniture), and, within 60 days, to furnish sworn proofs of loss. The question is whether defendant waived the formal, verified proofs of loss. *Fenton* v. *National Fire Ins. Co.*, 235 Mich. 147; *McGraw* v. *Germania Fire Ins. Co.*, 54 Mich. 145.

The fire occurred February 23, 1931. Two days later defendant's agent visited the scene, talked with plaintiff, and instructed him to prepare and mail to the adjuster an itemized list of goods and values. Plaintiff claims the adjuster also informed him that the list of goods would be sufficient proofs of loss and nothing further would be required unless he asked for it. The court found the facts against plaintiff upon this claim and we cannot say the finding was against the preponderance of the evidence. Plaintiff later mailed the list, the adjuster received it March 2d, and made no objection to it nor demand for further proofs of loss.

Had nothing further been done, a finding would have been justified that defendant had waived formal proofs of loss. *Young* v. *Ohio Farmers' Ins. Co.*, 92 Mich. 68; *Barstow* v. *Federal Life Ins. Co.*, 259 Mich. 125.

The subsequent acts of the parties are important, because waiver in such cases is in the nature of estoppel. *Struble* v. *National Liberty Ins. Co.*, 252 Mich. 566. Their subsequent conduct demonstrates that plaintiff was not misled or lulled into inactivity by anything the adjuster did or said, and that he did not rely on the adjuster's statements or acts to his injury.

Evidently the fire had some suspicious surroundings, as the State fire marshal investigated it. There

was a chattel mortgage on the furniture, known to defendant's agent who wrote the policy, but not known to defendant. March 11th the adjuster wrote plaintiff that he had information of the mortgage, stating he would have to notify defendant and await its decision, and it would be necessary that plaintiff sign a nonwaiver agreement. The agreement was to the effect that any action taken by the insurer in investigating the loss or ascertaining the amount should not waive or invalidate any condition of the policy or prejudice any rights of either party. It also contained notice that the adjuster had no authority to waive any condition of the policy. Plaintiff executed it March 12th, and attached to it a description of the liens upon the furniture.

It is not necessary to determine the effect of the agreement upon the claim of waiver (see *Briggs* v. *Fireman's Fund Ins. Co.*, 65 Mich. 52), except that its execution was a circumstance impeaching plaintiff's claim of waiver.

Plaintiff consulted an attorney, who, on March 30th, wrote the adjuster asking for forms to make proofs of loss and suggesting that defendant either admit or deny liability. April 2d the adjuster refused to furnish forms because he said it was not the custom, stated the chattel-mortgage matter had been referred to defendant, the latter had not decided whether it would admit or deny liability, and the adjuster had no authority to waive any conditions of the policy. April 10th the attorney again urged the adjuster to admit or deny liability. No proofs of loss were furnished within the 60-day period.

The matter rested until after the State fire marshal had completed his investigation in June. Further correspondence ensued for an adjustment, and proofs of loss were made and rejected as insufficient and too late.

Plaintiff testified that, about the 1st of April, the adjuster denied liability to him in a conversation. The court found the fact against plaintiff upon this claim, and the finding was justified by the evidence.

The evidence fully sustains the conclusions of the court that formal proofs of loss were not waived by the adjuster, expressly, by denial of liability or by his conduct relied on by plaintiff to his injury. On the contrary, the testimony is persuasive that, during the whole 60-day period, plaintiff recognized an obligation to furnish proofs of loss.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.