### WEHNER *v.* FOSTER.

1. Insurance—Automobiles—Notice of Accident—Delay—Prejudice.
    Prejudice to the rights of the insurer under an automobile accident policy is a necessary element to be considered in determining whether there has been an unreasonable delay in giving notice of an accident to the insurer "as soon as practicable" so as to relieve the insurer from liability under the policy.

2. Same—Automobiles—Notice of Accident—Delay—Prejudice—Evidence—Question for Jury.
    Submission to jury of question of prejudice in insured's delay in giving notice of an accident in which his car was involved until over 7 months after its happening was error, where insurer's testimony that it had had no opportunity to inspect car damaged by the insured or to investigate and interview witnesses was uncontradicted, since such testimony created a prima facie case that the insurer was damaged by insured's failure to give notice of the accident as soon as practicable as required by the policy.

Appeal from Wayne; Webster (Arthur), J. Submitted June 5, 1951. (Docket No. 17, Calendar No. 45,112.) Decided September 5, 1951.

References for Points in Headnotes
[1, 2] 5 Am Jur, Automobiles § 549.
[1, 2] Liability or indemnity insurance: Clause with respect to notice of accident, claim, et cetera, or with respect to forwarding suit papers. 76 ALR 23, 53; 123 ALR 950, 960.

Garnishment proceeding by Kenneth Wehner and another against Abner J. Foster, Jr., principal defendant, and Citizens' Mutual Automobile Insurance Company, garnishee defendant, on insurance policy. Verdict and judgment for plaintiff. Garnishee defendant appeals. Reversed and remanded for entry of judgment.

*Ward & Plunkett* (*Dexter A. Clark,* of counsel), for plaintiff.

*Davidson & Kaess* (*Richard K. Amerson,* of counsel), for garnishee defendant.

SHARPE, J. This is a garnishment proceeding by which plaintiffs seek to enforce payment by Citizens' Mutual Automobile Insurance Company, garnishee defendant, of a judgment under the property damage coverage of an automobile insurance policy.

The facts are not in dispute and are as follows: On January 3, 1947, Abner J. Foster, Jr., bought a policy of insurance from the Citizens' Mutual Automobile Insurance Company which contained the following under the heading,

"Conditions:

"Upon the occurrence of an accident or loss covered by this policy, written notice shall be given by or on behalf of the assured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the assured and also reasonably obtainable information respecting the time, place and circumstances of the accident or loss; the names and addresses of the injured, if any, and of any available witnesses."

Abner J. Foster, Jr., was involved in an automobile accident on September 7, 1947, in which he collided with a parked car owned by plaintiff Kenneth

Wehner. In April, 1948, Abner Foster, Jr., was served with process in the common pleas court for the city of Detroit in an action commenced by Kenneth Wehner and his insurer. Following service of process upon defendant Foster, he, on April 15, 1948, made a written statement and report of the accident to his insurance company. Garnishee defendant insurance company disclaimed liability on the policy in a letter dated April 19, 1948, which reads, in part, as follows:

"The above mentioned suit arises out of an accident, which occurred in September, 1947. The summons and declaration were served upon you on April 8, 1948, according to the information you gave us.

"The first notice of this accident that you made to the Citizens' Mutual Automobile Insurance Company was on April 15, 1948, and the first notice of this pending suit that you gave to this company was on the same day, to-wit, April 15, 1948.

"The policy of this company, issued to you, requires that written notice of an accident shall be given to the company as soon as practicable, and that every demand, summons or other process received by you shall be immediately forwarded to the company.

"Because of your violation of the above mentioned terms and provisions of the policy herein referred to, the company disclaims liability under its policy, and declines to take over, defend or in any way participate in the suit or action hereinbefore referred to."

On July 1, 1948, a judgment was rendered against defendant Abner J. Foster, Jr., in the sum of $612.54 plus $13.50 costs. On September 21, 1948, plaintiffs herein filed a declaration and summons to show cause why judgment should not be rendered against the Citizens' Mutual Automobile Insurance Company was issued. Garnishee defendant insurance com-

pany answered and asked that the declaration and summons instituted by plaintiffs be dismissed.

The cause was tried before a jury and at the close of all testimony, garnishee defendant insurance company made the following motion for a directed verdict of no cause of action:

"The clear proofs are that something over 7 months elapsed from the date of an accident, which is obviously serious, wherein obviously great damage was done. The failure to [of?] the principal defendant, Abner Foster, to communicate with his company, as the contract called upon him to do, has not been explained, and his failure operated to the material prejudice of the company, first of all because the mere lapse of 7 months deprived them of their right to investigate, settle or adjust the matter and deprived them of their right to inspect the damaged property, and deprived them of their right and legal duty to set up proper reserves."

The trial court withheld decision on the motion under authority of the Empson act * and submitted the following special question to the jury: "Did the delay in giving notice materially prejudice the garnishee defendant insurance company?" The jury retired and returned a verdict answering the special question in the negative, whereupon, the court entered judgment for plaintiff in the amount of $640, with costs of $57.

The garnishee defendant thereafter made a motion for judgment *non obstante veredicto* as follows:

"The grounds for such motion are that this garnishee defendant was released from its obligation to the principal defendant and to the plaintiff due to the delay of said principal defendant in giving notice as soon as practicable after the occurrence of an accident creating potential liability on the part

---

* CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 27.1461 *et seq.*).—Reporter.

of said principal defendant on September 7, 1947, which delay materially prejudiced this garnishee defendant in its handling of the claim and subsequent litigation arising from said accident."

This motion was denied by the trial court. Garnishee defendant appeals and urges that the trial court was in error:

"1. In refusing to direct a verdict in favor of garnishee defendant.

"2. In failing to hold that the delay of plaintiff [*sic,* principal defendant?] in reporting an accident caused material prejudice unto the rights of garnishee defendant.

"3. In failing to hold that plaintiff [*sic,* principal defendant?] violated his contract with garnishee defendant in such manner as to release it from liability."

In *Kennedy* v. *Dashner,* 319 Mich 491, the controlling question presented on appeal was whether a notice received by the insurance company 47 days after the accident satisfied the contractual obligation to give a notice "as soon as practicable." We there held that prejudice to the rights of the insurer is a necessary element to be considered in determining whether there has been an unreasonable delay in giving notice of an accident to the insurer "as soon as practicable." In *Weller* v. *Cummins,* 330 Mich 286, we again affirmed the rule of "prejudice" and held that where the insurance company receives the necessary information from other sources than the assured it is not prejudiced by the failure of the insured to furnish the required information.

Having in mind that the burden of showing "prejudice" is upon the insurer, garnishee defendant insurance company urges that a delay of more than 7 months prevented it from examining the damaged automobile, prevented it from settling the claim of plaintiff and the setting up of reserves for unpaid

claims as required by CL 1948, §§ 533.3, 543.9 (Stat Ann 1943 Rev §§ 24.435, 24.536).

In support of its claim of prejudice, garnishee defendant insurance company produced Angus McIsaac, assistant claims manager for the insurance company, who testified:

"Whenever an accident comes in, the first thing we would do, we would report it to the home office and if it was a policy holder's car damage, we would obtain competitive estimates. That would be a couple of estimates from garages. In the event there was a report of damage to the third party's car, we would arrange to obtain estimates from garages. If the damage exceeded $75 or $100, we would have our collision adjuster or inspector look at the car and we would also make an investigation of the facts surrounding the accident so that we could determine the question of liability. We have a man in our organization who specializes in inspecting damaged automobiles. That is all he does. The first thing he would do would be to inspect the damaged car and if he wasn't satisfied with the 2 estimates that had already been obtained, he would have an estimate made by another garage, a garage we know something about, that we have confidence in. While he is getting these estimates, we conduct an investigation of the facts surrounding the accident. We obtain detailed statements from our assured, from any witnesses we know of, sometimes we canvas the neighborhood for additional witnesses and if there is liability, of course, we arrange repairs and as to the third party, if there appears to be liability, we arrange for the repairs to his car and take the necessary releases. In other words we settle the claim.

"When an accident occurs which involves a considerable amount of money, my company sets up reserves for the payment of losses. As soon as we receive the report of an accident, we promptly report it to the home office, they set up a reserve on each accident that is reported to them. This is de-

termined according to the apparent damage and also according to the possibilities of our being liable for the damages. A reserve is an amount that an insurance company sets aside for each accident that is reported to them, so that they will be in position to take care of the claim in due course without upsetting their financial structure. In other words, they set this reserve to one side.   *   *   *

"When there apparently had occurred a great deal of damages, where the damage is quite extensive, we ordinarily inspect the car ourselves even if Ward & Sheppard is handling the collision loss. It doesn't make any difference who handles the loss to the other people. Where there is considerable damage we inspect the damage to automobiles, sometimes it helps to determine how the accident occurred."

The purpose of giving notice as soon as practicable after the occurrence of an accident is to give the insurer an opportunity to investigate the facts and circumstances affecting the question of liability and the extent of such liability.

In *Purefoy* v. *Pacific Automobile Indemnity Exchange*, 5 Cal2d 81 (53 P2d 155), one Austin was insured by defendant insurance company and shortly thereafter was involved in an automobile accident with plaintiff resulting in plaintiff recovering judgment in the amount of $2,800. The insurance company learned of the accident 3½ months after its occurrence by letter from plaintiff's attorney. In affirming a judgment for defendant insurance company, the court said:

"Notice given 3½ months after the accident, especially when it is considered that the notice given at that date was not from the insured, but from the injured person, who was an adverse party, was not reasonably prompt notice, and did not constitute a compliance with the policy. *Coolidge* v. *Standard Accident Ins. Co.*, 114 Cal App 716 (300 P 885); *Los Angeles Athletic Club* v. *United States Fidelity*

*& Guaranty Co.,* 41 Cal App 439 (183 P 174); *Aronson* v. *Frankfort Accident & Plate Glass Ins. Co.,* 9 Cal App 473 (99 P 537). The information communicated to the insurer 3½ months after the accident otherwise failed to comply with the policy. It contained the bare statement that a named policyholder had been in an accident, without stating even the time and place of the accident. It did not state the names and addresses of all witnesses to the accident, nor the 'conditions surrounding the happening' of the accident, as required by the policy.

"The insurer was deprived of an opportunity to make a prompt investigation while the facts were fresh in the minds of the parties and witnesses, and before physical marks and effects of the accident had been obliterated. As to certain breaches of condition, it may more readily be shown whether prejudice had resulted therefrom. But respondent argues with convincing force herein that the lapse of time which removes the opportunity for prompt investigation, also destroys the possibility of showing prejudice arising from delayed inquiry. Where witnesses are interviewed after lapse of time, during which they either may have forgotten the facts, or been approached solely by representatives of the injured party, it virtually becomes impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry. We are impelled to the conclusion that prejudice must be presumed in such situations."

In *Baker* v. *Metropolitan Casualty Insurance Co. of New York,* 118 Conn 147 (171 A 7), the court said:

"When the facts are undisputed and one conclusion only is reasonably possible, the question of compliance with a provision for notice is one of law; otherwise it is a question of fact. *Loomis* v. *Norman Printers' Supply Co.,* 81 Conn 343, 347 (71 A 358); *Fidelity & Deposit Co.* v. *Courtney,* 186 US 342 (22 S Ct 833, 46 L ed 1193); 14 RCL, p 1329; 7 ALR 187; 76 ALR 61."

In *Parrish* v. *Phillips,* 229 Wis 439 (282 NW 551), the notice of accident was given 33 days after the occurrence of the accident. The court had under consideration the issue of whether or not the insurance carrier was prejudiced or damaged by the delayed notice of the accident. The statutes of Wisconsin provide that no policy of insurance shall limit the time for giving notice of any accident to less than 20 days and that failure to give such notice does not bar liability if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show is upon the person claiming such liability. The court held that the statutes created a presumption that the insurer is prejudiced or damaged by the failure to give notice of injury as soon as practicable because it puts the burden of proof upon the person claiming liability of showing that the insurer was not prejudiced or damaged by such failure. In reversing a judgment for plaintiff, the court reasoned as follows:

"It is true that Phillips was not required to notify his insurance carrier within the 20-day period immediately following the date of the accident because of the statutory provisions above quoted. However, immediately upon the expiration of said 20-day period, the above quoted provisions of his policy were effective and required that he 'give as soon as practicable written notice.'   *   *   *

"On this issue, the trial court has held as a matter of law that Phillips did not give such notice as soon as practicable. We fully agree with the trial court's ruling in this respect.

" 'Where the facts are uncertain or disputed, and the inferences doubtful, the question whether timely notice was given is one for the jury under proper instructions; but, where the facts are not in dispute, and the inferences are certain, it is a question of law for the court.' *Foster* v. *Fidelity & Casualty Co.*

*of New York,* 99 Wis 447, 451 (75 NW 69, 70, 40 LRA 833).

"The reasons for the policy provisions requiring the assured to give written notice of an accident as soon as practicable are obvious. As said in *McCarthy* v. *Rendle,* 230 Mass 35 (119 NE 188, LRA 1918E 111):

" 'The occurrence of an accident, and injury, however, slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach.' "

In the case at bar it is undisputed that the accident occurred September 7, 1947, and no report of the accident was made to the insurance company until 7 months and 8 days after the accident and after an action was commenced in the common pleas court of the city of Detroit. It is also undisputed that the insurance company had no opportunity to inspect the damaged automobile or investigate and interview witnesses during this period. In our opinion, the testimony of Angus McIsaac, assistant claims manager for the garnishee defendant insurance company, was sufficient to make a prima facie case that the insurer was prejudiced by the failure of the assured to give notice of the accident as soon as practicable. There being no evidence to contravene the testimony of McIsaac, we hold that the trial court was in error in submitting the question of prejudice to the jury.

The judgment is reversed and the cause remanded for entry of judgment of no cause of action. Garnishee defendant may recover costs.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.