## LEACH *v.* FISHER.

1. INSURANCE—AUTOMOBILES—NONCOOPERATION OF INSURED—PREJUDICE.

Prejudice to the insurer by reason of noncooperation of the insured under an automobile insurance policy must be established in order to excuse the insurer from liability to judgment creditor of the insured.

2. SAME—AUTOMOBILE POLICY—NONCOOPERATION OF INSURED—EVIDENCE—PREJUDICE.

Evidence supported jury's finding of no prejudice to garnishee defendant, insurer under automobile policy, by reason of the insured's want of cooperation, where, immediately after the accident which involved injuries to a guest passenger, the statement of the driver was such as to indicate no liability would ensue, actions were commenced for injuries to the passenger on the basis of the driver's wilful and wanton misconduct and 8 days before the trial he changed his story to accord with that given by the passenger but the insurer did

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur, Insurance §§ 789, 793, 1440.
[1, 2] Clause requiring assured's cooperation, aid, and (or) assistance. 72 ALR 1446; 98 ALR 1465; 139 ALR 771.
[2] Misstatement by assured, later withdrawn or corrected, as breach of cooperation clause. 34 ALR2d 264.
[3-5] See, generally, 29 Am Jur, Insurance § 1527.

not endeavor to effect a settlement or make further investigation and proceeded to trial and verdicts obtained against the insured are not claimed to be excessive and verdicts were not contrary to the great weight of the evidence.

3. GARNISHMENT — AUTOMOBILE INSURANCE — INSTRUCTIONS — EVIDENCE.

Instructions to jury in action against garnishee defendant, insurer under automobile policy, when read as a whole, *held*, not to have been misleading nor to have, in effect, directed verdicts for plaintiffs, especially where the jurors were told, in substance, that they should be governed by their own recollection of the proofs introduced on the trial, notwithstanding various references to the proofs were made by the trial judge in his charge.

4. SAME—AUTOMOBILE INSURANCE—INSTRUCTIONS—PREJUDICE.

Claim of error by garnishee defendant, insurer under automobile policy, in instructions as to prejudice it must show in order to avoid liability because of want of cooperation by the insured *held*, not to have been substantiated in that the jury could not have misunderstood the charge to the prejudice of the garnishee defendant.

5. SAME—AUTOMOBILE INSURANCE—REQUEST TO CHARGE—NONCOOPERATION OF INSURED—PREJUDICE TO INSURER.

Trial court's failure to give garnishee defendant's request to charge relative to insured's failure to cooperate was not error in action on judgment against principal defendant, the insured, where the request overlooked the issue of prejudice to the insurer because of such noncooperation, the principal issue involved in the case.

Appeal from Kent; Souter (Dale), J. Submitted January 5, 1956. (Docket Nos. 37, 38, Calendar Nos. 46,633, 46,634.) Decided March 1, 1956.

Case by Bettie Leach, a minor, by next friend, against Larry Fisher and Zoa Fisher for personal injuries sustained while guest passenger in their automobile. Similar action by John Leach against same defendants for medical expense. Cases consolidated for trial. Judgments for plaintiffs. Upon nonpayment of judgments, garnishment proceedings

instituted against Citizens Mutual Automobile Insurance Company which disclaimed because of noncooperation by insureds. Garnishment proceedings consolidated for trial and appeal. On trial before jury both plaintiffs and garnishee defendant moved for directed verdicts. Verdicts and judgments for plaintiffs. Garnishee defendant appeals. Affirmed.

*Dilley & Dilley,* for plaintiffs.

*Luyendyk, Hainer, Hillman & Karr,* for garnishee defendant.

CARR, J. This garnishment proceeding has resulted from a traffic accident occurring on a public street in the city of Grand Rapids on October 30, 1953. At the time defendant Larry Fisher was driving an automobile owned by himself and his mother, the defendant Zoa Fisher. Plaintiff Bettie Leach was a guest passenger in the car. As a result of the manner in which it was operated the vehicle ran into another automobile, and Bettie Leach sustained certain injuries requiring medical and hospital attention. She was, at the time, a minor. An action for damages was instituted in her behalf by her next friend, and her father sued to recover for moneys expended by him because of the injuries suffered by the daughter and, also, for the loss of wages sustained by her in her employment.

At the time of the accident there was in force and effect a public liability and property damage insurance policy issued by the garnishee defendant, Citizens Mutual Automobile Insurance Company, covering the operations of the car driven by Larry Fisher. Said policy contained a clause requiring the assured, in the event of claimed liability, to "cooperate with the company and, upon the company's request" to attend hearings and trials that might be had, and

to assist in effecting settlements, obtaining attendance of witnesses, and in the conduct of litigation. It was further provided as a condition precedent to liability on the part of the insurance company that the assured shall have fully complied with all the terms of the policy.

The insurance company was duly notified of the accident and one of its investigators interviewed Larry Fisher and, also, Bettie Leach, obtaining written statements from them. Said statements were substantially identical in substance and indicated that while Larry Fisher may have been guilty of ordinary negligence his acts were not such as to constitute wilful and wanton misconduct or gross negligence essential to establish liability for injuries to a guest passenger. The actions for damages were instituted on February 10, 1954. The declarations were filed on March 3d following, plaintiff Bettie Leach claiming damages in the sum of $5,000 and the other plaintiff in the sum of $2,000. Each pleading charged defendant Larry Fisher with conduct amounting to gross negligence in the operation of the automobile. Counsel representing the insurance company duly entered appearances in each case. Answers to the declarations were filed on March 23d thereafter. In said answers the material averments as to gross negligence, set forth in the declarations, were denied. On May 28, 1954, orders were entered placing the causes on the current jury calendar for trial, and they were set for hearing on June 9th, following. By agreement of counsel, they were heard together.

On June 1, 1954, Larry Fisher went to the office of the insurance company's attorneys, indicating to them that he wished to make a further statement concerning the accident. He then informed counsel that the actual facts were substantially as alleged in the declarations filed by Bettie and John Leach.

He admitted that as a result of an argument between the young people he became angry, that he drove at a high rate of speed and in a reckless manner, that he ignored requests of Bettie Leach to slow down and to permit her to get out of the car, and, in effect, that the accident was the result of such conduct on his part. He stated further that he had paid a fine for reckless driving in connection with the matter, and that he had been involved in traffic difficulties on prior occasions.

Shortly after the date of giving this second statement, the attorneys for the insurance company, who had represented Larry and Zoa Fisher up to that time, delivered to said defendants a letter referring to the accident and to the litigation that had resulted therefrom. Reference was made to the first statement given them by Larry Fisher shortly after the accident had occurred, and to the contradictory statement that he had made on June 1, 1954. Alleging Larry Fisher's failure to disclose true facts in connection with the cases, counsel advised that they were willing to withdraw from the defense and permit other counsel to be substituted for them. They further stated that they were willing to continue in the defense but subject to the express understanding that the insurance company did not waive its right to deny liability under the policy because of the alleged breach of conditions therein.

Following subsequent discussions between the parties, it was agreed that counsel would continue in the cases and, in accordance with the understanding reached, they appeared in court at the time set for trial. The opening statement of counsel for the plaintiffs disclosed that plaintiff Bettie Leach and defendant Larry Fisher were engaged to be married and that, in fact, a license had been secured. In his statement of June 1st, preceding, Larry Fisher had stated in substance that the engagement, which he

had mentioned in his first statement to counsel, had been broken. The second statement was not in accordance with the actual fact.

The trial resulted in verdicts of $200 for plaintiff Bettie Leach and $1,195 in favor of the other plaintiff. Garnishment proceedings in each case were then instituted against the insurance company, which filed disclosures denying liability on the ground that conditions of the policy as to the conduct of the assured had been breached. It was specifically charged by the company that Larry Fisher had made numerous false and fraudulent statements, that he had deliberately and intentionally misled the garnishee defendant and its attorneys, that he had undertaken to assist the plaintiffs in the prosecution of their respective actions, and that the verdicts and judgments resulted from such conduct. It was further charged that the assured Zoa Fisher had aided and abetted Larry Fisher in his fraudulent conduct.

The garnishment proceedings were consolidated for trial on the statutory issues and were heard before a jury. Plaintiffs proved the judgments in the principal cases and offered in evidence, without objection, the insurance policy. Thereupon, on behalf of the garnishee defendant, testimony was offered concerning the contradictory statements made by Larry Fisher, counsel for the company relying on the matters alleged in their disclosures. At the conclusion of the proofs, counsel for plaintiffs moved for directed verdicts, decision on the motion being reserved.* Counsel for the insurance company also moved that verdicts be directed in its favor on the ground that Larry Fisher had breached the conditions of the insurance policy by failing to cooperate, and that such failure operated to release the company from liability. This motion was likewise taken

---

* See CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1953 Cum Supp § 27.1461 et seq.).—REPORTER.

under advisement,* the cases were submitted to the jury, and verdicts were returned for plaintiffs in the amounts of their respective judgments including costs. Garnishee defendant's motion for judgments notwithstanding the verdicts was denied. A subsequent motion for a new trial, based on claims that the verdicts were contrary to law and to the great weight of the evidence and that prejudicial error had occurred in the course of the trial, also was denied. The insurance company has appealed, claiming that the trial court was in error in not directing verdicts in its favor, that submission to the jury was improper, and that the denial of the motion for a new trial was erroneous.

The case presents an unusual situation. It is apparent that immediately following the accident plaintiff Bettie Leach and defendant Larry Fisher claimed, in substance, that the latter was not guilty of wilful and wanton misconduct or gross negligence in operating his car. The reasons for their conduct are matters of inference only. Doubtless the attorneys for the insurance company relied on the statements of the parties and came to the conclusion that liability could not be established. However, when the suits were filed and declarations served they were apprized that Bettie Leach had given a different version of the facts to her attorney than had been set forth in her statement to the insurance company's investigator. No attempt was made at the time to discuss the situation with the assured, nor does it appear that further investigation was made for the purpose of obtaining possible information from disinterested witnesses.

Following the second statement by Larry Fisher on June 1, 1954, counsel were reasonably informed that they could not depend on his testifying in ac-

* See CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 27.1461 *et seq.*).—REPORTER.

cordance with the statement given after the accident. No attempt was made to obtain a continuance of the cases in order to permit opportunity for further investigation or for attempts to make settlements. Emphasis is placed on the fact that in the second statement Larry Fisher denied that he was then engaged to Bettie Leach. However, counsel knew that the parties had been on friendly terms and were in fact engaged to be married at the time the accident occurred. The claim is made that counsel were taken by surprise when the attorney for plaintiffs in his opening statement to the jury mentioned the existing engagement and the obtaining of a license to marry. No continuance was sought at that time, nor did counsel for the insurance company ask leave to withdraw from the case on the ground of failure of cooperation on the part of one of their clients.

As before noted, the disclosures filed by the garnishee defendant in response to the writs charged Larry Fisher with fraudulent conduct. On the trial the claim of fraud was apparently abandoned, and garnishee defendant sought to rely on the alleged failure of the assured to cooperate. The trial judge in submitting the cases to the jury indicated in substance that Larry Fisher had not fully cooperated, and left to the jury the issue whether such failure had prejudiced the insurance company. Assuming the fact of noncooperation, the principal issue presented for determination relates to the matter of prejudice. As indicated by the verdicts returned, the jury determined such issue in favor of the plaintiffs.

The claim of the defendant insurance company that the trial court was in error in not directing verdicts in its favor must necessarily rest either on the theory that under its policy it was excused from liability solely on the ground of want of cooperation on the part of the assured, irrespective of prejudice, or

that prejudice is to be inferred as a matter of law from the facts in the case. We cannot agree with either position. In *Kennedy* v. *Dashner*, 319 Mich 491, the question at issue was whether delay in giving the insurance company notice of an accident relieved the company from liability under the policy. It was there recognized that prejudice was a necessary element to be considered in determining whether there had been an unreasonable delay. The Court was evenly divided on the question as to whether the facts shown fairly established prejudice. While the precise point involved was delay in giving notice, and while in the instant case it is alleged failure to cooperate, the controlling principles involved are not at variance. There, as here, the question at issue was alleged failure to observe a condition of the policy.

In *Weller* v. *Cummins*, 330 Mich 286, a provision of the insurance policy involved required the assured, in the event of action brought against him for damages for bodily injuries or property damage covered by such policy, to forward to the insurer all notices, summons, or other process received by him. It was claimed that the assured violated such provision. On the trial of the garnishment issue against the insurance company the jury returned a verdict in favor of the plaintiff. The trial court granted a motion for judgment notwithstanding the verdict. This Court on review determined from the proofs that the insurance company had not been prejudiced because of the conduct of the assured, and reversed the case with directions to the lower court to enter judgment on the verdict.

In *Wehner* v. *Foster*, 331 Mich 113, it was again recognized that prejudice to the rights of the insurer under an automobile accident policy is a necessary element to be considered in determining whether there has been an unreasonable delay in

notifying such insurer of an accident. Under the
facts in the case there had been a delay of 7 months
on the part of the assured, as a result of which the
insurance company was prevented from making a
proper investigation of the case and inspecting the
damaged automobile. Obviously in the case at bar
we are not confronted by an analogous situation.
The company knew of the accident shortly after it
occurred. It had an opportunity to make as full
an investigation as it desired. The question pre-
sented for determination is whether under the facts
disclosed by the proofs the company was neces-
sarily prejudiced because Larry Fisher, when first
interviewed, made statements tending to exonerate
him of conduct resulting in civil liability on his part.

In *Bernadich* v. *Bernadich,* 287 Mich 137, an in-
surance company, defendant in garnishment pro-
ceedings on an automobile insurance policy by which
it undertook to indemnify its assured, defended the
proceeding against it on the ground that the assured
had been guilty of fraud. Shortly after the accident
said assured gave a statement to the company in
which he claimed that the accident resulted from
the negligence of the driver of another automobile
approaching on the wrong side of the highway. Such
statements were repeated after the suit had been
started, and approximately 6 weeks before trial a
third statement of like tenor was made to the repre-
sentatives of the insurer. As the case was about
to be reached for trial, the assured for the first time
notified the company that he could not testify that
there was any other automobile involved, and that
he did not know how the accident happened. Upon
receipt of the letter containing such notification, the
insurance company discussed the matter further
with the assured, who then claimed that there was
no car other than his own at or near the scene of
the accident. Thereupon the insurance company de-

nied liability because of the failure of the assured to aid in securing evidence and also because of the false reports previously made. The assured gave testimony on the trial in accord with the last statement made by him to the company. On the trial of the garnishment issue the question of fraud was submitted to the jury. Plaintiff had judgment, which this Court affirmed on the ground that no prejudice or loss to the insurance company had been shown because of the conduct of the defendant in the principal case. In commenting on the situation, it was said (p 146):

"It is urged that the insurance company was prejudiced in not being able to investigate the accident and had not sufficient opportunity to make settlement rather than to go to trial. The company had 2 weeks from the time of learning of defendant's final version of the accident until the time of trial. No attempt was made to secure a continuance by the attorneys before the company proceeded to the trial of the principal case.

"The company having failed to show prejudice, loss or damage because of the false statements of defendant, the jury having answered the special question to the effect that the defendant had not attempted to perpetrate any fraud upon the insurer, and no prejudicial error appearing in the conduct of the trial, the verdict is sustained and the judgment is affirmed, with costs to plaintiff."

In the case at bar counsel for garnishee defendant call attention to the fact that in the *Bernadich Case* the issue was one of fraud rather than of failure to cooperate. There, as here, liability was sought to be defeated on the ground that the assured by his conduct had breached the terms of the policy and that, in consequence, the insurer was not thereafter bound to perform its undertaking. If prejudice is an essential element in a fraud case, it must be con-

:sidered in like manner when it is charged, as in the case at bar, that the insurance company was re-lieved from liability under the policy because of a lack of cooperation on the part of the assured.

Counsel for garnishee defendant cite and rely on *Brogdon* v. *American Automobile Ins. Co.*, 290 Mich 130. There the plaintiff was struck by an automobile on a public street in the city of Detroit and seriously injured. Suit was brought against one Kral who, it was claimed, was the operator of the vehicle injuring plaintiff. Kral carried liability insurance with the defendant company. In discussing the matter with its representatives he denied that he had anything to do with the accident. During the trial of the case he admitted to an employee of the insurance company that he was, in fact, the driver of the car that struck plaintiff. This information was given to the attorney trying the case, who proceeded to take Kral's statement in accordance with the admission that he had made. Thereupon a full disclosure was made to the court, and the attorney requested permission to withdraw. This was granted, the case proceeded, and verdict was returned in favor of the plaintiff. After entry of judgment garnishment proceedings were commenced against the insurance company. Following a trial of the statutory issue, judgment notwithstanding the verdict was entered in favor of the garnishee defendant. A motion for a new trial was made and denied. The insurance policy involved required the assured to render "all possible cooperation and assistance." Involved also was a provision requiring immediate written notice of an accident covered by the policy with the fullest information then obtainable. In view of the facts the trial court held that there had been no waiver of the conditions of the insurance policy, and that the company could not be held liable. On appeal the judgment was affirmed.

Obviously the insurance carrier was prejudiced in the *Brogdon Case* because of the conduct of the assured. It was not given the true facts until the trial was actually in progress. Its counsel who pursuant to the contract defended the case had no opportunity to make further investigation. Such is not the situation in the matter now before us. Here the insurance company knew that Larry Fisher was involved in the accident, knew that Bettie Leach had given a different version of what had occurred in the declaration filed in her case from that contained in the statement given by her to the company's investigator, and 8 days before the trial knew that Larry Fisher had changed his story with reference to the cause of the injuries sustained by Bettie Leach. The right to deny liability was reserved and counsel for the insurance company continued in the cases. It does not appear that any further investigation was attempted. Neither does it appear that counsel had reason to question the truth of the statements made to them by Larry Fisher on June 1, 1954. We think it must be said that counsel were then fully apprized of the actual situation except as to the engagement to marry then existing between Larry Fisher and Bettie Leach. The record does not justify the conclusion that this fact was particularly material in the cases, or that counsel would have pursued a course at variance with what they actually did had they been told of such engagement.

The suggestion is made that had counsel been informed immediately following the accident that their assured was guilty of gross negligence they might have attempted to negotiate settlements of the cases. It is purely a matter of speculation, however, as to whether such attempts would have been successful, and particularly whether settlements could have been made more advantageous to the company than the verdicts of the jury. No claim is made that such

verdicts were excessive. After the making of the statement of June 1, 1954, no attempts at settlement were made, so far as this record discloses. Obviously the matter is one resting wholly in the realm of speculation. On the evidence before it the jury found against the claim of the insurance company that it had been prejudiced. There was evidence to support such finding. The insurance company was not prejudiced by the submission of the issue to the jury. It was not entitled to a directed verdict in its favor.

In support of the contention that the court erred in denying the motion for a new trial, it is urged that the verdict of the jury was contrary to the great weight of the evidence. The argument is predicated on the assertion that Larry Fisher gave continual false and fraudulent statements to the insurance company, and that his conduct in fact prejudiced the company. However, there was no direct evidence establishing the fact of prejudice. From the facts shown by the proofs inferences were permissible, and the determination of the question at issue rested quite largely on such inferences. It was within the province of the jury to draw conclusions from the testimony. It may not be said that, as the trier of the facts, the jury had no sufficient basis for the verdicts rendered. Counsel for garnishee defendant cite *Wehner* v. *Foster, supra,* but, as before indicated, the facts there were materially different than in the case at bar. The verdicts here were not contrary to the great weight of the evidence.

It is also urged that the instructions to the jury were misleading and, in effect, directed verdicts for the plaintiffs. Our examination of the charge as given brings us to the conclusion that the contention is not well-founded. In considering the objections to it, it must be read in its entirety. *Seppala* v. *Neal,* 323 Mich 697, 708; *In re Thomas Estate,* 341 Mich 158, 162. The members of the jury had listened to

the proofs and could scarcely have been misled by references to certain testimony made by the trial judge in his charge. It may be noted, also, in this connection that the jurors were told, in substance, that they should be governed by their own recollection of the proofs introduced on the trial.

Specific objection is made on behalf of the garnishee defendant to a statement in the charge that if the assured gave necessary information to the company so that it might properly proceed to the defense of the cases before they came to trial verdicts should be returned for plaintiffs. In view of other statements in the charge it may be assumed that the court was referring to the issue of prejudice and in substance endeavoring to impress on the jury that if the insurance company was not prejudiced by what Larry Fisher did, or failed to do, it could not avoid liability on its policy. We do not think that the jury misunderstood the charge to the prejudice of the garnishee defendant.

Further complaint is made that the court erred in failing to give a request submitted on behalf of the garnishee defendant directing the jury to find in its favor if it was found that Larry Fisher made material false statements. Such request apparently overlooked the issue of prejudice which, as hereinbefore noted, was the principal question involved in view of the statement of the trial judge in his charge to the effect that there had been a failure on the part of Larry Fisher to cooperate.

Other matters discussed by counsel in their briefs and in the oral arguments on appeal do not require consideration in view of the conclusions above indicated. We find no reversible error and the judgments are affirmed, with costs to plaintiffs.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, KELLY, and BLACK, JJ., concurred.