GRAND RAPIDS AUCTIONS, INC.

*v.*

HARTFORD ACCIDENT AND INDEMNITY COMPANY

1. EVIDENCE—PRIOR JUDGMENT—FRAUD

   Introduction of a prior judgment against an embezzler into evidence in an action on an indemnity bond for the losses caused by the embezzlement was not error where no objection was made at time of admission and where the trial court properly instructed the jury that the prior judgment was not conclusive proof, but only evidence of the embezzler's fraud.

2. APPEAL AND ERROR—EVIDENCE—COMMENTS.

   The Court of Appeals will not reverse a verdict because of the trial court's comments with respect to the weight of evidence where it is apparent on review that the verdict as rendered is that of the jury, and not the expressed opinion of the trial court.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 978 *et seq.*
[2–4] 53 Am Jur Trials § 584 *et seq.*
[5] 44 Am Jur 2d, Insurance § 1454 *et seq.*

3. Trial—Instructions to Jury—Question of Fact—Insurance—
Notice of Loss.

    Trial court usurped the function of the jury by instructing
the jury that proper and timely notice of a claim was
given by plaintiff to defendant insurance company as a
matter of law where the evidence showed that plaintiff first
suspected that a loss had occurred in December and did
not give notice until August following, thus presenting ques-
tions of fact for the jury of when knowledge of the loss
occurred or whether an eight- or nine- month delay was still
proper notice.

4. Trial—Question of Fact—Jury Determination—Insurance—
Notice of Loss.

    A factual determination whether a failure to notify an insur-
ance company of a claim deprived the insurance company
of the opportunity to investigate in order to protect the
insurance company's interest is for the jury.

5. Insurance—Notice of Loss.

    An insurance company is entitled to all reasonable notice of
a claim to be brought against it, and failure to give that
notice would release the insurance company from liability.

Appeal from Kent, John H. Vander Wal, J. Sub-
mitted Division 3 February 5, 1970, at Grand Rapids.
(Docket No. 7,046.) Decided April 28, 1970.

Complaint by Grand Rapids Auctions, Inc., against
Hartford Accident and Indemnity Company for re-
covery under an indemnity bond. Judgment for
plaintiff. Defendant appeals. Reversed and re-
manded.

*Bergstrom, Slykhouse & Shaw* (*Robert G. Quinn,
Jr.,* of counsel), for plaintiff.

*Rhoades, McKee & Boer,* for defendant.

Before: Holbrook, P. J., and Danhof and Rood,*
JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

Rood, J.   Plaintiff is a Michigan corporation which operated as an auctioneer-broker for used car dealers.   In 1963, Harold Brink was the majority stockholder of plaintiff.   He was also president and general manager with control of the day-to-day operations of the company.

In 1963, plaintiff purchased an indemnity bond from defendant in the amount of $50,000 which was in force for the period from September 24 to December 24, 1963.   The agreement was subject to certain conditions regarding prompt notice of loss and filing of a proof of loss.

In December of 1963, suspicions of alleged wrongdoing on the part of Harold Brink were aroused within the other officers of plaintiff.   As a result of this, his activities were more closely watched.   It was only after a board of directors meeting held on August 14, 1964 that it considered the first solid evidence against Brink to have been acquired.   Notice was not given to appellant of possible losses until this time.   Although Brink admitted to manipulation of corporate funds, he claimed that plaintiff did not suffer loss thereby.

Plaintiff thereupon sued Harold Brink in Kent County Circuit Court for money and property he had allegedly embezzled between February, 1963 and August, 1964.   On October 2nd, 1967, Grand Rapids Auctions obtained a judgment against Harold Brink for $65,777.61.   Following that judgment, plaintiff sought to recover from defendant for the moneys and properties taken during the three-month period of the bond.

At trial, plaintiff submitted evidence that Brink misused funds during the period of the bond.   Both parties agreed that 35 checks totaling $30,223.75 were forged.   Other funds involved were:   23 checks totaling $23,263.64 used by Brink to purchase cars for

himself, $884.84 used to make repairs on these cars, and $2,030.92 which Brink had overdrawn on his salary. Totaling these figures, plaintiff claimed $56,-403.15 as loss due to Harold Brink's wrongful action during the period of the bond.

In response to the above assertions, defendent submitted evidence that, while Harold Brink may have misused corporate funds, he returned what he had used. Defendant asserted that for most of the forged and improper checks there was a corresponding deposit in plaintiff's bank account. Plaintiff, however, questioned the accuracy of this tracing.

At the trial in Kent County Circuit Court before Judge John H. Vander Wal the jury returned a verdict for plaintiff for $50,000, the full amount of the bond. The defendants assert on appeal that the trial court erred in allowing the judgment and opinion in the previous civil action between plaintiff and Harold Brink into evidence. The defendant also complains that the trial court's comments with respect to the weight of evidence and the validity of defendant's case were so prejudicial as to constitute reversible error.

We find no merit to either of these issues. As regards the introduction of the prior judgment, we find that there was no objection at the time it was admitted and further that the trial court properly instructed the jury that it was not conclusive proof but only evidence of Brink's fraud. See *McPharlin* v. *Fidelity & Deposit Co. of Maryland* (1910) 162 Mich 141, 145.

With regard to the alleged prejudice arising out of the trial court's comments on the evidence, we do not find them to constitute reversible error.

"In determining whether remarks made by the court in the course of a trial were improper and prejudicial, the context and the circumstances under

which they were uttered must be considered." *Lamb* v. *Lippincott* (1897), 115 Mich 611; *Madalenski* v. *Hill* (1936), 277 Mich 219.

We will not reverse as long as it is apparent on review that the verdict as rendered is that of the jury, and not the expressed opinion of the trial court. *People* v. *Lintz* (1928), 244 Mich 603; *Podvin* v. *Eickhorst* (1964), 373 Mich 175.

A review of the comment defendant cites as being prejudicial show more impatience on the part of the trial court than expressed prejudicial opinion. Defendant's proofs were complicated and many remarks made by the trial court show an attempt to understand just what it was the witnesses were trying to explain. Therefore, while the remarks may have been somewhat intemperate, they do not constitute reversible error.

The defendant, however, raises two additional issues on appeal which we consider to have merit.

We agree with the defendant that the trial court committed reversible error when it instructed the jury as a matter of law that the notice given the defendant by the plaintiff was proper under the terms of the bond.

The indemnity bond upon which plaintiff sues has under the "conditions and limitations" section the following provision:

"Section 7. Upon *knowledge or discovery of loss* under this bond, the insured, shall (a) give notice thereof *as soon as practicable* to the underwriter or any of its authorized agents, and (b) file a detailed proof of loss, duly sworn to, with underwriter within four months after the discovery of loss." (Emphasis supplied.)

It was the defendant's contention that proper notice was not given because the plaintiff's first knowl-

edge or discovery of loss occurred in December of 1963. The defendant asserts that the notice given in August of 1964 was not, therefore, "as soon as practicable" and resulted in prejudice to it.

The testimony of Lloyd Landman, the current president and treasurer of the plaintiff, under examination by defendant's counsel, as to the time when Grand Rapids Auctions recognized that Brink had mishandled funds is as follows:

"*Mr. McKee:* When was the time that you first believed that he was guilty of any dishonest or fraudulent acts?

"*Witness:* Well it showed up at the, '63 at the December of '63 when we needed that money.

"*Mr. McKee:* As of that time you believed that he was guilty of dishonest and fraudulent acts?

"*Witness:* There was something wrong, right.

"*Mr. McKee:* When did you say that you gave the first notice of this to the Hartford Accident and Indemnity Company?

"*Witness:* That was in approximately September of 1964.

"*Mr. McKee:* Which would be a full nine months later, is that correct?

"*Witness:* Yes.

"*The Court:* I think the evidence shows it was August of '64 by this exhibit.

"*Mr. McKee:* Would that refresh your recollection as it being August 1964?

"*Witness:* Yes.

"*Mr. McKee:* That was your first contact with the defendant insurance company?

"*Witness:* That is right."

Relying upon this testimony, counsel for the defendant asked to have the jury consider the fact that no notice was given as a result of the knowledge obtained by Grand Rapids Auctions in December, 1963. The trial court, however, prevented such a

consideration by giving the following instruction to the jury:

"There is a third element which I think is a matter of law and I am going to instruct the jury as a matter of law, that proper notice was given to the bonding company as required by the bond. In other words, timely notice that there was something wrong and that there would be a claim filed by the plaintiff against the defendant, so that is the third element."

The trial court thus usurped the function of the jury and determined that discovery of the loss occurred in August 1964, or in the alternative that notice with an eight- to nine-month delay was still proper notice.

Although prejudice to the rights of the insurer is a necessary element in determining if there has been unreasonable delay (*Weller* v. *Cummins* (1951), 330 Mich 286, 292), a delay in giving notice of seven months, eight days has been held to *prima facie* failure to give notice as soon as practicable. *Wehner* v. *Foster* (1951), 331 Mich 113, 122.

The delay in this case deprived defendant of the opportunity to investigate so that the misapplied property might be recovered or the employee proceeded against. Even if it could be said that the delay did not prejudice Hartford, this was a factual determination for the jury.

The insurer is entitled to all reasonable notice and failure to give it would release defendant from liability. *Exo* v. *Detroit Automobile Inter-Insurance Exchange* (1932), 259 Mich 578. The question is whether there was sufficient knowledge of Brink's wrongdoing in December of 1963, to require notice, for if there was sufficient knowledge notice was not timely. *Wehner* v. *Foster, supra.* If there was not sufficient knowledge until August of 1964, then the

notice was timely given. Such a question is for the jury to determine. Therefore, it was reversible error for the trial court to instruct the jury that notice was timely as a matter of law.

The defendant's other meritorious contention on appeal is that the jury's verdict of $50,000 is against the great weight of the evidence.

Certainly plaintiff is not entitled to recover from the defendant for losses which occurred during any period except that in which the bond was in force, September 24 to December 24, 1963.

A review of the record convinces us that the testimony as presented by the plaintiff did not establish the amount of loss which could be directly connected to that three-month period. The testimony of the plaintiff's accountant spoke instead in terms of an eighteen-month period in which losses were allegedly suffered. Upon retrial, we order that only those losses which can be directly attributed to the three-month period in which the bond was in force may be pleaded and proved. The burden of identification of losses is, and should be, upon the plaintiff.

Reversed and remanded. Costs to defendant.

All concurred.