REYNOLDS v. CLARE COUNTY ROAD COMMISSION

HIGHWAYS — DEFECTIVE HIGHWAY — NOTICE — SUBSTANTIAL COM-
PLIANCE — STATUTES.

> Statutory requirement that notice of a claim for damages for injuries from a defective highway be given to the responsible governmental agency was substantially complied with where the only defect in the notice was the plaintiff's failure to verify it (MCLA § 691.1404).

Appeal from Clare, Robert H. Campbell, J. Submitted Division 3 June 9, 1971, at Lansing. (Docket No. 10044.) Decided June 23, 1971.

Complaint by John Reynolds against the Clare County Road Commission for damages caused by a defective highway. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Bicknell & Winter*, for plaintiff.

*Collison & Fordney*, for defendant.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur 2d, Highways, Streets, and Bridges §§ 121, 579.

DANHOF, J. Plaintiff was injured in an accident on September 23, 1967, allegedly caused by a defective highway. The highway was within defendant's jurisdiction, and on October 5, 1967, plaintiff filed a notice of his injuries and intent to hold defendant liable. The notice was within the form required by the statute in force at that time, MCLA § 691.1404 (Stat Ann 1969 Rev 3.996[104]), in all respects save one. It was not verified.

On January 20, 1969, the plaintiff commenced this action. Defendant moved for accelerated judgment on the grounds that the notice had not been verified. The trial court granted the motion and the plaintiff has appealed.

This case is controlled by *Kustasz* v. *City of Detroit* (1970), 28 Mich App 312. In *Kustasz* it was held that when the only defect in the notice is the lack of verification the statute has been substantially complied with and accelerated judgment is improper.

Reversed and remanded for further proceedings consistent with this opinion.

All concurred.