MOTOR STATE INSURANCE COMPANY *v.* BENTON

OPINION OF THE COURT

1. INSURANCE—NOTICE OF CLAIM—UNREASONABLE DELAY—RELEASE FROM LIABILITY.

An insurer can be released from liability under an insurance policy if an insured has unreasonably delayed in giving notice of his claim.

2. INSURANCE—NOTICE OF CLAIM—TIME PROVISION—CONSTRUCTION— REASONABLE TIME.

Insurance policy clause requiring an insured to notify the insurer of his claim "as soon as practicable" means that the notice must be given within a reasonable time, dependent upon the facts and circumstances of the case.

3. INSURANCE—NOTICE OF CLAIM—UNREASONABLE DELAY—PREJUDICE.

Prejudice to the rights of the insurer is a necessary element to consider in determining if an insured has unreasonably delayed in notifying the insurer of his claim.

4. INSURANCE—NOTICE OF CLAIM—UNREASONABLE DELAY—PREJUDICE—BURDEN OF PROOF.

The insurer has the burden of proving that the insured's delay in giving notice of his claim has resulted in prejudice to the insurer; whether prejudice has resulted is a factual question for determination by the trier of fact.

5. INSURANCE—NOTICE OF CLAIM—UNREASONABLE DELAY—PREJUDICE.

Trial court's factual determination that a two-year delay in giving the insurer notice of an accident claim was an un-

REFERENCES FOR POINTS IN HEADNOTES

[1–5, 7] 44 Am Jur 2d, Insurance § 1454 *et seq.*
[6] 50 Am Jur, Statutes § 20.
[8] 5 Am Jur 2d, Appeal and Error § 839.

reasonable delay and prejudiced the insurer's rights, thus releasing the insurer from liability, is not disturbed on appeal where the record does not show that the finding was clearly erroneous.

DISSENT BY O'HARA, J.

6. STATUTES—NOTICE PROVISIONS—NONCOMPLIANCE—PREJUDICE.
   *Notice statutes require not only proof of noncompliance, but also proof of prejudice by reason of the noncompliance.*

7. INSURANCE—NOTICE OF CLAIM—UNREASONABLE DELAY—PREJUDICE.
   *Two-year delay in giving the insurer notice of an uninsured motorist claim did not prejudice the insurer where three of the opposing parties involved in the accident, the owner, driver, and a passenger, were located, but refused to give statements, because the parties had been found and because no reason exists for believing that they would have been more inclined to have made statements had they been found sooner.*

8. APPEAL AND ERROR—FINDINGS OF FACT.
   *The general proposition that the trial judge, sitting as the trier of facts, will not reversed on his findings of fact unless they are clearly erroneous does not apply where no facts are before the court on which to make a factual finding and the issue is really one of law.*

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 10, 1971, at Lansing. (Docket No. 10587.) Decided July 27, 1971. Leave to appeal denied, 386 Mich 758.

Complaint by Motor State Insurance Company against George Benton and Donald Benton for a declaratory judgment that plaintiff is not liable under an automobile insurance policy. Judgment for plaintiff. Defendants appeal. Affirmed.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *George A. Googasian* and *Eric J. McCann*), for plaintiff.

*Sauer & Girard,* for defendants.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J.  Defendant Donald Benton was a passenger in an automobile which was involved in an automobile accident on December 28, 1966.  Defendant suffered permanent injuries to the right arm as a result of the accident.  Defendant, at the time of the accident, was in the Army and three days after the accident occurred returned to his duty station at Ft. Benjamin Harrison, Indiana, until released from the Army on October 7, 1968.  The defendants retained an attorney whose investigation revealed the driver of the auto was uninsured.

The plaintiff had issued an automobile insurance policy to the defendant George Benton which provided uninsured motorist coverage to the defendant George Benton and his relatives of the same household.  Plaintiff's policy of insurance contained the following notice provision: "In the event of an accident, occurrence or loss, written notice shall be given by or for the insured to the company or its authorized agents as soon as practicable."  Defendants notified the plaintiff of the accident on February 12, 1969.  This was the first notice to the plaintiff.

Plaintiff alleged it could not conduct a proper investigation because of the delay in notice and, therefore, was prejudiced.  Plaintiff sought a declaratory judgment declaring defendant Donald Benton not covered by the policy because of prejudice resulting from the delay in giving notice.

The trial court granted the declaratory judgment based on stipulated facts and oral arguments; defendants appeal from the judgment.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The only issue on appeal is whether the trial court committed reversible error in entering a declaratory judgment in plaintiff's favor upon the basis that plaintiff insurer had been prejudiced by the failure to give notice of the accident "as soon as practicable" as provided in the policy of automobile insurance.

If an insured has unreasonably delayed in giving notice, the insurer can be released from liability under the insurance policy. *Kennedy* v. *Dashner* (1947), 319 Mich 491; *Wehner* v. *Foster* (1951), 331 Mich 113; *Weller* v. *Cummins* (1951), 330 Mich 286; *Grand Rapids Auctions, Inc.* v. *Hartford Accident and Indemnity Company* (1970), 23 Mich App 389.

The clause "as soon as practicable" is interpreted to mean "a reasonable time, dependent upon the facts and circumstances of the case". *Kennedy* v. *Dashner, supra,* 494. To determine if an unreasonable delay in notice has occurred, prejudice to the rights of the insurer is a necessary element to consider. *Weller* v. *Cummins, supra.* The insurer has the burden of proving the delay in giving notice has resulted in prejudice. *Wehner* v. *Foster, supra.* Whether prejudice has resulted is a factual question for the trier of facts' determination. *Grand Rapids Auctions, Inc.* v. *Hartford Accident and Indemnity Company, supra.*

The trial court was sitting as the trier of facts, and whether prejudice resulted was a factual question for its determination. This Court will not set aside factual determinations by the trial court sitting as trier of fact unless they are clearly erroneous. Our review of the record does not reveal such error. The trial court's determination that the plaintiff's rights were prejudiced by the delay in notice will not be disturbed.

The trial court's decision is affirmed. Costs to plaintiff.

DANHOF, P. J., concurred.

O'HARA, J. (*dissenting*). I cannot join my colleagues.

Recently, I signed an opinion, *Reynolds* v. *Board of County Road Commissioners of Clare County* (1971), 34 Mich App 460, the total thrust of which was that "notice" statutes require not only proof of noncompliance, but also proof of prejudice by reason of such noncompliance.

I did so because the majority opinions of this Court, undisturbed by the Supreme Court, and indeed those of the Supreme Court itself, seem to reflect this view.

If I was right in so doing, whatever my personal judicial view, then in this case I must dissent.

The stipulation of facts herein recites:

" * * * investigation conducted by Retail Credit *located* owner, driver, and passenger Moody, but not able to obtain any statements  * * * ." (Emphasis supplied.)

My question obviously is, if the three parties were in fact located but refused to give statements, how is the passage of time alone supposed to have affected their willingness to make them? Why would they have been more inclined to have made statements sooner? The allegation is to me conclusionary and valueless as to prejudice.

The other two involved persons were found to be (1) in military service and stationed in California and (2) the other "working somewhere near Lapeer, address unknown." Lapeer is not so distant from Ann Arbor, nor so populous that locating a person

working "somewhere near there" should be given up as hopeless without even trying. Neither is it a Herculean task to check out the whereabouts of a member of the armed forces known to be stationed in California. The foregoing allegations establish no more prejudice than did the other first quoted.

If noncompliance with notice requirements to political subdivision of government, and indeed to the state itself, are to be excused, absent a showing of prejudice, how do these innocuous statements establishing at best a perfunctory mercantile retail credit investigation establish prejudice against an insurer which has been paid a premium to do in part exactly what it did not do in this case?

I cannot agree with the learned trial judge nor with my associates that *any* prejudice whatsoever was established.

I do not quarrel with the general proposition that the trial court, sitting as the trier of facts, will not be reversed on his findings of fact unless his findings are clearly erroneous. But where there is no *fact* issue, as in my view there is none here, the question becomes one of law. There were no facts before the court on which to make a factual finding. As a matter of law, there was no showing of prejudice—only delay—and certainly nonprejudicial delay at best.

I would reverse and remand for further proceedings.