FENTON *v.* NATIONAL FIRE INSURANCE CO.

1. INSURANCE—FURNISHING PROOFS OF LOSS CONDITION PRECEDENT TO INSURER'S LIABILITY IF NOT WAIVED.

Compliance with the requirement in a fire insurance policy to furnish proof of loss within 60 days is a condition precedent to liability of the insurer, but this requirement may be waived by the insurer or its adjuster, who is authorized to adjust losses, by his denial of liability.[1]

2. SAME—WAIVER—EVIDENCE INSUFFICIENT TO GO TO JURY.

In an action on a fire insurance policy, testimony by insurer's adjuster that he investigated plaintiff's loss after the latter had signed a nonwaiver agreement, and that he neither admitted or denied insurer's liability, which was the only testimony on the question of defendant's waiver of proofs of loss, *held*, insufficient to warrant submitting said question to the jury.[2]

3. SAME—DIRECTED VERDICT.

Failure of insured to furnish proofs of loss, as required by the policy, and failure to establish waiver of same by

[1]Fire Insurance, 26 C. J. § 469; [2]Id., 26 C. J. § 776.
Denial of liability as waiver of proofs of loss required by insurance policy, see note in 22 A. L. R. 407.

insurer, required a directed verdict in favor of insurer, in an action on the policy.[3]

Error to Van Buren; Warner (Glenn E.), J.    Submitted April 8, 1926.    (Docket No. 55.)    Decided June 7, 1926.    Rehearing denied October 4, 1926.

Assumpsit by John J. Fenton against the National Fire Insurance Company of Hartford, Connecticut, on a policy of insurance.    Judgment for plaintiff.    Defendant brings error.    Reversed, and judgment ordered entered *non obstante veredicto*.

*James E. Chandler* and *Bates, Hicks & Folonie*, for appellant.

*Earl L. Burhans* and *David Anderson*, for appellee.

SNOW, J.    Plaintiff sustained the loss of his house and its contents by fire, which occurred August 22, 1924, and on August 28, 1925, he commenced this action against the defendant to recover therefor by virtue of a policy of insurance regularly issued to him.    It was the usual form of the Michigan standard policy, which contained the following provision:

"The insured shall give immediate notice in writing to this company of any loss or damage, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the damaged and undamaged property, stating the quantity, cost of each article and the amount claimed thereon, and the insured shall within sixty days after the fire, unless such time is extended in writing by this company, render to this company a proof of loss signed and sworn to by the insured stating the knowledge and belief of the insured as to the following:"    *    *    *

One of the defenses offered was that this provision of the policy was never complied with, and the plain-

<hr>

[3]Fire Insurance, 26 C. J. § 766.

tiff - never furnished a proof of loss at any time. Plaintiff conceded he did not furnish proof of loss, but insisted that the defendant had waived this requirement, and the question of waiver was submitted to the jury by the trial judge to be determined as a question of fact. Verdict was for plaintiff, and defendant brings the cause here by writ of error. Plaintiff was not sworn as a witness upon the trial, and the only testimony on the subject of waiver is found in the testimony of defendant's adjuster, who investigated the loss. The testimony of this witness most favorable to the claim of the plaintiff was as follows:

"I live in Grand Rapids, am insurance adjuster. In that capacity I was notified of the loss by fire of John J. Fenton, which occurred in August, 1924. After receiving the notice I went to Hartford and called upon Mr. Goke, the local agent, the first thing. I then looked at the records and called on Fenton. After locating Fenton I introduced myself, gave him a card with my name, my business card, and told him I was there to investigate the loss and determine the amount of the damage, but I couldn't proceed because of the fire marshal's investigation unless we agreed to do so under a nonwaiver agreement. I told him otherwise I would have to make another call after the fire marshal's investigation was over with and I told him that I could not at that time proceed with the settlement of the loss or take the proof of loss. After that conversation I signed and got signed plaintiff's Exhibit 12.

"Exhibit 12, being a nonwaiver agreement, was signed immediately after the conversation I have just related. After it was signed, we proceeded to determine the amount of loss and we determined the amount of the loss as it is set forth. I then bid him good by and left. Mr. Fenton never filed a proof of loss and no proof of loss was ever filed by any one in this case. I never saw Mr. Fenton to talk to him after that. I never denied liability under this policy."

The nonwaiver agreement signed by plaintiff was as follows:

"It is hereby mutually stipulated and agreed that any action taken by the insurance company, or companies, signing this agreement in ascertaining the amount of loss and damage which occurred August 22, 1924, to property located at in the south half of the northeast quarter of section 11, township 4 S., range 15 W., Van Buren county, Michigan, and in investigating the cause thereof, shall not waive or invalidate any of the conditions of the policies of insurance, and shall not waive or invalidate any rights whatever of any party to this agreement.

"In the event of the failure of the parties hereto to agree as to the amount of said loss and damage, the question of the amount thereof shall be determined by appraisal, as provided in the conditions of the policies of insurance."

Investigation of the amount of the loss was proceeded with under this agreement.

Compliance with the requirement in the policy to furnish proof of loss within 60 days is a condition precedent to liability of the insurer. *Peck* v. *Insurance Co.*, 224 Mich. 385, and cases cited. But this requirement can be waived by the insurer or its adjuster, who is authorized to adjust losses, by his denial of liability. *Gambino* v. *Insurance Co.*, 232 Mich. 561; *Young* v. *Insurance Co.*, 92 Mich. 68; *Morgan* v. *Insurance Co.*, 130 Mich. 427; *Fisk* v. *Insurance Co.*, 192 Mich. 243; and *Popa* v. *Insurance Co.*, 192 Mich. 237.

In the instant case, however, even though there had been no agreement as to waiver, the adjuster did nothing that could possibly be construed as a waiver of a proof of loss. He did not deny liability, neither did he admit it. He told plaintiff he came to investigate the loss, but would not do even that unless the so-called nonwaiver contract was executed. He told plaintiff also that he could not then proceed with

the settlement of the loss or take the proof of loss.
No proof of loss was tendered him.  This is not a
waiver, nor is it evidence of waiver for a jury to
consider.  The court was in error in submitting such
a question to the jury.  The failure to furnish proof
of loss within the time provided in the policy is fatal
to plaintiff's claim.  A verdict should have been
directed in favor of the defendant.

Reversed, with costs to defendant.  The circuit
judge is directed to enter judgment for the defendant
notwithstanding the verdict.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST,
CLARK, and McDONALD, JJ., concurred.