REYNOLDS v ALLSTATE INSURANCE COMPANY

Docket No. 59362. Submitted October 21, 1982, at Detroit.—Decided February 24, 1983. Leave to appeal applied for.

Roger Reynolds brought an action in the Oakland Circuit Court against the Allstate Insurance Company to recover for water damage suffered by his house which was insured under a standard homeowners' policy issued by the defendant. The trial court, George LaPlata, J., granted the defendant's motion for summary judgment on the ground that plaintiff had failed to file written proof of loss within 60 days following the loss as required by the policy. Plaintiff appeals from the order entered to that effect. *Held:*

The trial court properly granted the motion for summary judgment. The plaintiff did not comply with the time requirement for the filing of a written proof of loss, therefore, his claim was barred by the policy provision providing that there can be no recovery on any claim unless all of the policy requirements have been complied with. Defendant did not waive compliance with any of the policy's provisions since there were no written waivers as required by the policy.

Affirmed.

1. INSURANCE — PROOF OF LOSS — FAILURE TO FILE PROOF — STATUTORY LANGUAGE.

An insured's claim is precluded by his undisputed failure to file any written proof of loss to the insurer where the policy involved includes standard language mandated by statute requiring such written proof within 60 days of the loss and providing that there can be no recovery on any claim unless all

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1323, 1326, 1329, 1331.

Effect of failure to give notice, or delay in giving notice or filing of proof of loss, upon fidelity bond or insurance. 23 ALR2d 1065.

Liability insurance: clause with respect to notice of accident or claim, etc. or with respect to forwarding suit papers. 18 ALR2d 443.

[2] 44 Am Jur 2d, Insurance § 1377 *et seq.*

of the policy requirements have been complied with (MCL 500.2832; MSA 24.12832).

2. INSURANCE — PROOF OF LOSS — FAILURE TO FILE PROOF — WAIVER OF POLICY PROVISONS.

An insurer does not waive compliance with a policy provision requiring written proof of loss when the insurer's representative denies an insured's claim during the course of a telephone call where the policy involved contains standard language mandated by statute requiring a written waiver of any policy provision and there has been no such written waiver of the proof of loss requirement (MCL 500.2832; MSA 24.12832).

*Turner & Turner, P.C.* (by *Donald A. Turner* and *Gary L. Kohut),* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Roger A. Smith),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary judgment.

Plaintiff owned a house insured under a standard homeowners' policy issued by defendant. The policy contained the language mandated by MCL 500.2832; MSA 24.12832, to the following effect:

"The insured shall give immediate written notice to this Company of any loss, * * * *furnish a complete inventory of the destroyed, damaged and undamaged property,* showing in detail quantities, costs, actual cash value and amount of loss claimed; *and within sixty days after the loss, unless such time is extended in writing by this Company,* the Insured shall render to this Company a *proof of loss, signed and sworn* to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss * * *

* * *

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (Emphasis added.)

On February 8, 1980, plaintiff's house suffered severe water damage. Plaintiff testified at the evidentiary hearing held in this case that he notified defendant of this loss by telephone one or two days later. Defendant, however, had no record of this call. Plaintiff filed a written claim of loss in September, 1980.

In November, 1980, plaintiff brought this action to recover under his policy. Subsequently, the defendant moved for summary judgment on the ground that plaintiff had failed to file written proof of loss within 60 days following the loss.

The court, we conclude, properly granted defendant's motion. The cases cited by defendant and the trial court, *Fenton v National Fire Ins Co,* 235 Mich 147; 209 NW 42 (1926), *Helmer v Dearborn National Ins Co,* 319 Mich 696; 30 NW2d 399 (1948), *Dailey v Mid-States Ins Co,* 321 Mich 438; 32 NW2d 698 (1948), and *Peck v National Liberty Ins Co,* 224 Mich 385; 194 NW 973 (1923), remain dispositive in situations such as the present one, where the policy includes standard language contained in MCL 500.2832; MSA 24.12832 requiring a *written* proof of loss within 60 days of the loss. Regardless of whether plaintiff provided oral (telephone) notification of his loss, his claim is precluded by his undisputed failure to file any written proof of loss until seven months had passed. See lines 157 through 160 of MCL 500.2832; MSA 24.12832, providing that there can be no recovery on any claim unless all of the policy requirements

(including the timely filing of a written proof of loss) have been complied with.

All of the cases relied upon by plaintiff are distinguishable. None of those cases involved situations in which the policy contained an explicit time requirement for the filing of a written proof of loss. Compare, for example, *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975) (policy required notice of loss "as soon as practicable"). *Cf., Kennedy v Dashner,* 319 Mich 491; 30 NW2d 46 (1947); *Motor State Ins Co v Benton,* 35 Mich App 287; 192 NW2d 385 (1971), *lv den* 386 Mich 758 (1971).

We also agree with the trial court that defendant did not waive compliance with the proof of loss requirement even if, as plaintiff contends, one of defendant's representatives denied his claim during the course of a phone call. The fact remains undisputed that there has been no *written* waiver of any policy provision, as is required by MCL 500.2832; MSA 24.12832 (lines 49-55).

Affirmed.