AUTO-OWNERS INSURANCE COMPANY v GALLUP

Docket No. 118437. Submitted February 19, 1991, at Detroit. Decided September 3, 1991, at 9:40 A.M.

Auto-Owners Insurance Company brought an action in the Monroe Circuit Court against Versel D. Gallup, its insured under a standard fire insurance policy, seeking in part a declaration that it properly denied Gallup's claim for fire loss because he failed to render to Auto-Owners a proof of loss within sixty days, as required by MCL 500.2832; MSA 24.12832. The court, Daniel L. Sullivan, J., denied summary disposition for Auto-Owners, ruling that there was a genuine issue of material fact regarding whether Gallup had rendered a proof of loss. Auto-Owners appealed by leave granted.

The Court of Appeals *held:*

The trial court correctly determined that a factual issue exists. Gallup asserted that he received a proof of loss claim form by mail from Auto-Owners, completed the form, and mailed it back to Auto-Owners within sixty days of the loss. These assertions, if true, would be sufficient to establish that Gallup complied with the statute. Gallup's use of the mail to return the form to Auto-Owners was reasonable, given the ordinary meaning of the term "render" and Auto-Owners' use of the mail in sending the form to Gallup.

Affirmed.

REILLY, P.J., concurring, stated that it is a generally recognized rule of law that depositing a properly addressed letter bearing sufficient postage in a postal receptacle raises a presumption of delivery and receipt of the letter, that summary disposition was properly denied, and that Gallup should be given an opportunity to prove that he rendered a proof of loss by mailing the form to Auto-Owners.

INSURANCE — STANDARD FIRE INSURANCE POLICY — PROOF OF LOSS.
    An insured under a standard fire insurance policy complies with

REFERENCES
Am Jur 2d, Insurance §§ 1329, 1350.
See the Index to Annotations under Insurance and Insurance Companies; Mail and Mailing.

the requirement that proof of loss must be rendered to the insurer where the insured, within sixty days of a loss, completes a proof of loss claim form mailed by the insurer and mails the completed form back to the insurer (MCL 500.2832; MSA 24.12832).

*Gregory & Associates, P.C.* (by *Ronald W. Mellish*), for the plaintiff.

*Fabian & Rubin* (by *Deborah L. Rubin* and *Jo Robin Davis*), for the defendant.

Before: REILLY, P.J., and SHEPHERD and MARILYN KELLY, JJ.

SHEPHERD, J. Plaintiff appeals by leave granted the denial of its motion for summary disposition. We affirm.

On June 14, 1987, defendant's home was destroyed by fire. Plaintiff is defendant's insurance carrier under a standard fire insurance policy, the language of which is set forth in MCL 500.2832; MSA 24.12832, which in part requires the insured to

> give immediate written notice to this Company of any loss . . . *and within 60 days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss,* signed and sworn to by the insured. [Emphasis added.]

There is no question that defendant notified plaintiff of the loss on June 29, 1987. The following day, plaintiff's adjustor mailed blank forms entitled "Sworn Statement in Proof of Loss" to defendant. Defendant acknowledges receipt of the forms, as well as knowledge of the requirement that he render the statement to plaintiff within sixty days. On August 5, 1987, plaintiff mailed

another proof of loss form to defendant. Defendant claims he mailed such a form back to plaintiff's adjustor, after having it notarized on August 10, 1987. Defendant thereafter called plaintiff to inquire about the status of his claim and was told that plaintiff never received the form. Defendant then hired an attorney and a public adjustor and forwarded another proof of loss to plaintiff on December 14, 1987, which was received by plaintiff. Plaintiff continued to investigate the claim under a reservation of rights, including conducting an examination of defendant under oath. Then, in May 1988, plaintiff filed this declaratory judgment action, alleging fraud and false swearing, arson, concealment and misrepresentation, and breach of contract and statutory obligations. Defendant responded with a countercomplaint.

In its subsequent motion for summary disposition, plaintiff argued that defendant's failure to file a proof of loss within sixty days precluded a claim under the policy. According to plaintiff, the term "render" is the equivalent of "file" and requires that the insured have the proof of loss in plaintiff's office within sixty days. Mailing the form, contends plaintiff, is not sufficient to meet the insured's obligation. The trial court apparently disagreed with plaintiff's interpretation and found that there was a genuine issue of material fact concerning whether the proof of loss produced by defendant during litigation and dated August 10, 1987, was authentic and whether defendant had mailed it to plaintiff within the sixty-day time period. We believe the trial court's decision was correct under the facts of this case.

There is no dispute between the parties over the general rule that an insured's failure to render a proof of loss within sixty days of the loss precludes a claim under the policy, absent waiver of the

sixty-day requirement by the insurance carrier, because compliance with the requirement is considered a condition precedent to the liability of the insurer. See, e.g., *Reynolds v Allstate Ins Co,* 123 Mich App 488; 332 NW2d 583 (1983). However, under the facts of this case, there is a question regarding whether defendant complied with the requirement.

Contrary to plaintiff's contention, the term "render" is not necessarily the equivalent of "file"; the latter connotes not only delivery but also receipt of a document by the appropriate authority as, for example, the term is used in court rules. See, e.g., *Mills v Franco Food Equipment, Inc,* 161 Mich App 376; 409 NW2d 829 (1987). Had the Legislature intended "render" to be the equivalent of "file," it could have employed the word "file" or stated that the insurer must receive the proof of loss within sixty days and thus resolved any ambiguity. But, it did not and the ambiguity remains. While we cannot construe the ambiguity against the insurer because the language was not that of the insurer but rather the Legislature, *Bay Trust Co v Agricultural Life Ins Co,* 279 Mich 248, 251; 271 NW 749 (1937), we can ascribe to the word "render" its ordinary meaning, which is to yield, give up, or furnish. *Webster's Third New International Dictionary,* Unabridged Edition (1966). We must likewise recognize that, by forwarding the forms to defendant through the mail, plaintiff impliedly authorized the return of those documents through the mail. It has been held that when an insurer does invite use of the mail, it is the insurer who must bear the risk of the document's loss in the mail. *Banker's Nat'l Life Ins Co v Cooper,* 111 NJ Super 264; 268 A2d 78 (1970). We believe that given the ordinary meaning of the term "render," in conjunction with plaintiff's re-

peated use of the mail to forward the form to defendant, defendant's use of the postal service to return that form was reasonable under the circumstances, if in fact he did mail it.

Defendant claims he timely mailed the proof of loss to plaintiff. Plaintiff, on the other hand, claims it did not receive the proof of loss. Neither the trial court nor this Court can assume defendant did or did not mail the proof of loss, nor can we assume plaintiff did or did not receive it. Defendant may not have mailed it, defendant may have mailed it and it was lost by the postal service, or defendant may have mailed it and plaintiff lost it. The question whether defendant timely mailed the proof of loss is a question of fact that must be resolved by the jury. Consequently, the trial court did not err in denying plaintiff's motion for summary disposition.

Affirmed.

MARILYN KELLY, J., concurred.

REILLY, P.J., *(concurring)*. I agree with the result reached by the majority, but for a different reason.

MCL 500.2832; MSA 24.12832 provides that the insured shall "give" written notice to the company, "furnish" a complete inventory, and "render" a proof of loss to the insurer. The statute does not explain how the insured is to give notice, furnish a complete inventory, or render a proof of loss.

I am convinced that one can give, furnish, or render something to another only if the one to whom the object is given, furnished, or rendered actually receives it. There must be a transfer to the designated recipient. There is no reason, though, why that cannot be accomplished by the use of mail.

It is a generally recognized rule of law that proof of mailing a letter or other communication, properly addressed to the addressee with proper postage in an appropriate post office receptacle raises the presumption of the due *delivery and receipt thereof.* When receipt is denied, it is a question of fact for the jury to decide. The burden is on the addressor to establish a claim of mailing by a preponderance of the evidence. *Barstow v Federal Life Ins Co,* 259 Mich 125; 242 NW 862 (1932). See also 5A Appleman, Insurance Law & Practice, § 3509, p 485.

Summary disposition was properly denied because defendant should be given an opportunity to prove that he did, in fact, render proof of loss by mailing the information to the plaintiff.