OPINION OF THE COURT
Per Curiam.
Insurance Law § 3407 provides that the failure to furnish proofs of loss as specified in a contract of insurance shall not result in a forfeiture or diminution of a claim unless the insurer gives the insured written notice that it requires proofs of loss. It further provides:
"If the insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such insured shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required” (§ 3407 [a]; emphasis added).
The issue presented by this appeal is whether the requirement of the statute is satisfied when an insured places proofs of loss in the mail within 60 days but they are not received by the insurer until after the 60 days has expired. We hold that proofs of loss are "furnish[ed],” within the meaning of the statute, when they are placed in the mail, not when they are received by the insurer.
After plaintiffs sustained a loss exceeding $128,000 when their home was burglarized, they turned to their insurer, defendant Allstate Insurance Company, for indemnification. On March 13, 1989, they received, by certified mail, a written demand for proofs of loss from Allstate’s counsel. In compliance with Insurance Law § 3407, plaintiffs were asked "to furnish the completed and executed Sworn Statement in Proof of Loss to this law firm within sixty (60) days after * * * receipt of this notice.” On May 10, 58 days after receipt of the written demand, plaintiffs executed the proofs of loss and mailed them to Allstate’s counsel by certified mail. They *25 allege that this mailing complied with the statutory requirement that proofs be "furnish[ed]” within 60 days.
The proofs were not received by Allstate, however, until May 16, 64 days after receipt of the written demand. Thus, Allstate contends that plaintiffs failed to fulfill the statutory requirements because the proofs of loss must be received, rather than mailed, within the statutory period. Allstate relies on Peabody v Satterlee (166 NY 174) in which this Court determined that where a policy provision required the insured to "render” proofs of loss within 60 days, mailing on the 60th day was insufficient to comply with the policy provision (Peabody v Satterlee, 166 NY, at 179, supra). Peabody was decided in 1901, before the Insurance Law was recodified and section 3407 (formerly § 172) added. Thus, the decision not only addressed a different term ("render” rather than "furnish”) but also interpreted a contract, not a remedial statutory provision. We are called upon to determine whether its holding must control our interpretation of the statute.
Generally, statutory language is to be construed according to its most obvious and natural meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94). The term "furnish”, meaning "to provide” or to "supply with” (Webster’s Third International Dictionary 923), does not unambiguously indicate whether deposit in the mail suffices (but see, Auto-Owners Ins. Co. v Gallup, 191 Mich App 181, 477 NW2d 463, 464 [provision requiring proofs of loss to be "render(ed)” in 60 days satisfied if placed in mail within that period]). Thus, we must look beyond the language, to the purpose the Legislature sought to accomplish when it enacted the statute (see, Wiley v Solvay Process Co., 215 NY 584).
Manifestly, the Legislature acted to protect insureds from unknowing forfeitures. By requiring that insurance claimants be alerted to their duty to furnish proofs of loss and extending the time period in which to comply, the Legislature sought to "protect 'the insured from the consequences of * * * oversight or neglect in complying with one of the conditions precedent to a recovery under the policy’ ” (see, Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 216 [quoting from Margulies v Quaker City Fire & Mar. Ins. Co., 276 App Div 695, 698]). The statute does not save the insured who fails to furnish proofs within 60 days from the date demanded, though alerted to the duty to do so (see, Igbara, supra, at 209-210 [failure to file proofs within time period is *26 an absolute defense to an action on the policy]). It protects only those who, once put on notice, act promptly to assert their rights.
Given the remedial nature of section 3407, we conclude that the Legislature contemplated that proofs of loss would be "furnish[ed]” to the insurer when they were mailed. Allstate’s contrary interpretation of the statute would result in forfeiture even in those instances where the insured placed the proofs in the mail with the reasonable expectation that they would arrive at their destination before expiration of the 60-day period but were not received because of the inefficiency or mistake of the post office. The statute contains no explicit language requiring receipt within 60 days. For us to add that requirement would create a trap for unwary insureds who timely mail proofs of loss but forfeit their claims, nonetheless, because, for reasons beyond their control, the proofs were not received by the insurer until after expiration of the 60-day period. That result is not compatible with the modern commercial environment where the mails are extensively relied upon for communication between parties.
Therefore, we construe Insurance Law § 3407, insofar as it imposes the burden on insureds to "furnish” proofs of loss, to require only that claimants place their proofs in the mail within 60 days of receiving a written demand for such proofs. To the extent that Peabody v Satterlee (166 NY 174, supra) may conflict with our holding, we overrule it.
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendant Allstate Insurance Company’s motion for summary judgment denied.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in Per Curiam opinion.
Order reversed, etc.