■ SUSAN N. KLYN, as Assignee of BUFFALO TONTINE SHOPS CORP., Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent. [709 NYS2d 780] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion seeking summary judgment dismissing the complaint. Defendant denied a property loss claim submitted under an "employee dishonesty" endorsement of a policy of insurance issued to Buffalo Tontine Shops Corp. (Tontine) and assigned to plaintiff. Plaintiff commenced this action alleging that she is entitled to payment because Tontine's comptroller embezzled funds from a payroll account over which he had sole control by secretly and fraudulently paying himself unauthorized and excessive salary, commissions and bonuses. We reject defendant's contention that recovery under the policy is barred by the provision excluding coverage for "salaries, commissions, fees, bonuses, * * * or other benefits earned in the normal course of employment." Plaintiff's allegations, if true, establish that Tontine did not knowingly make the payments to the comptroller as compensation for his employment (*see, Resolution Trust Corp. v Fidelity & Deposit Co.*, 205 F3d 615, 649). The policy protects Tontine from embezzlement or theft by employees (*see, Federal Deposit Ins. Corp. v National Union Fire Ins. Co.*, 205 F3d 66, 72; *Glusband v Fittin Cunningham & Lauzon*, 892 F2d 208, 212; *see also, Aetna Cas. & Sur. Co. v Kidder, Peabody & Co.*, 246 AD2d 202, 209, *lv denied* 93 NY2d 805). "Where the employer does not knowingly pay funds to its employee under the belief that the funds have been honestly earned, but is instead unaware of the employee's receipt of the funds or pays the lost funds for some purpose other than the employee's compensation, the employee has committed pure embezzlement which is recoverable under the [policy]" (*Federal Deposit*

*Ins. Corp. v St. Paul Fire & Mar. Ins. Co.*, 738 F Supp 1146, 1160, *mod on other grounds* 942 F2d 1032).

Additionally, we reject defendant's contention that Tontine failed to comply with the provision of the policy requiring "a detailed, sworn proof of loss within 120 days of the date of discovery." It is undisputed that Tontine filed a proof of loss within 60 days of defendant's demand therefor. Because Tontine complied with that demand, Tontine "shall be deemed to have complied with the provisions of [the] contract of insurance relating to the time within which proofs of loss are required" (Insurance Law § 3407 [a]; *see, Ball v Allstate Ins. Co.*, 81 NY2d 22, 25-26).

The remaining issue concerns the period of coverage. Defendant moved for summary judgment dismissing the complaint but in the alternative sought summary judgment dismissing that part of the complaint seeking recovery "for the period 1978 through March 31, 1984," contending that there was no policy of insurance in effect then. Defendant failed to submit any proof in admissible form supporting that contention, and thus defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.