[889 NYS2d 733]

ANNE MARIE ADAMOWICZ, Appellant, v NORTH COUNTRY INSURANCE COMPANY, Respondent.

Third Department, December 3, 2009

### APPEARANCES OF COUNSEL

*Brennan & White, L.L.P.*, Queensbury (*Eric C. Schwenker* of counsel), for appellant.

*Flink Smith, L.L.C.*, Latham (*Paul J. Campito* of counsel), for respondent.

## OPINION OF THE COURT

ROSE, J.

Plaintiff sought reimbursement under an insurance policy issued by defendant for the costs she incurred after her home was damaged by fire. Although the parties were able to settle all of plaintiff's other claims, they were unable to settle her claim for additional living expenses. Defendant then sent a letter to plaintiff's attorney demanding submission of sworn proof of loss as to that claim within 60 days. When no proof of loss was received, defendant disclaimed coverage. Plaintiff then commenced this action to recover her additional living expenses, and defendant moved for summary judgment dismissing the complaint for plaintiff's failure to comply with the insurance policy's provisions regarding proof of loss. Supreme Court granted defendant's motion, and this appeal ensued.

We find merit in plaintiff's argument that by sending the demand for sworn proof of loss to her attorney and not to her, defendant failed to comply with the requirements of Insurance Law § 3407 (a). That statute precludes the denial of an insured's claim for lack of proof of loss unless the insurer first "give[s] to such insured a written notice that it . . . desire[s] proofs of loss to be furnished by such insured." By requiring the insurer to alert the insured to this duty, "the Legislature sought to protect the insured from the consequences of . . . oversight or neglect in complying with one of the conditions precedent to a recovery under the policy" (*Ball v Allstate Ins. Co.*, 81 NY2d 22, 25 [1993] [internal quotation marks and citations omitted]).

Here, defendant did not mail the required demand to plaintiff, but to her attorney alone. While this demand could have been effective if plaintiff had, in fact, obtained the demand from her attorney (*see Esa v New York Prop. Ins. Underwriting Assn.*, 89 AD2d 865, 866 [1982]), that did not occur here. Since the record fails to establish that defendant gave plaintiff the notice prescribed by Insurance Law § 3407 (a), defendant's motion should have been denied.

PETERS, J.P., KANE, KAVANAGH and McCARTHY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.