# STATE OF MICHIGAN

# COURT OF APPEALS

---

HOME-OWNERS INSURANCE COMPANY,

        Plaintiff/Counterdefendant-
        Appellee/Cross-Appellant,

v

MARY GRIFFITH,

        Defendant/Counterplaintiff-
        Appellant/Cross-Appellee,

and

LINDA MCCORMICK, a/k/a MARIE GRIFFITH,

        Defendant-Cross-Appellee.

UNPUBLISHED
October 28, 2014

No. 312707
Wayne Circuit Court
LC No. 10-014995-CK

---

Before: JANSEN, P.J., and SAAD and DONOFRIO, JJ.

PER CURIAM.

Defendant Mary Griffith (hereinafter "Mary") filed a claim with plaintiff, her homeowner's insurer, following a fire loss at her home in Inkster, Michigan. Plaintiff thereafter filed this action, seeking a declaration that neither Mary, nor her daughter Linda McCormick (hereinafter "Linda"), who was residing or temporarily staying with Mary at the time of the fire, was entitled to recover any benefits under the policy. Plaintiff also sought to recover damages for its costs incurred in the investigation of Mary's claim, and monies advanced before denying Mary's claim. The trial court granted in part plaintiff's motion for summary disposition under MCR 2.116(C)(10). The court ruled that Mary breached a condition precedent under the policy by failing to timely submit a sworn statement of proof of loss and by failing to cooperate with the investigation of the fire, and declared the policy void. However, the court denied plaintiff's request for recovery of expenses advanced and the costs associated with its investigation of the claim. Mary appeals by right the trial court's order declaring the policy void, and plaintiff cross-appeals the trial court's order denying its request for damages. We affirm the trial court's order, as modified to clarify that plaintiff is not obligated to indemnify Linda for any claims she may submit under the policy.

-1-

I.  THE DECLARATORY JUDGMENT ACTION

Mary argues that the trial court erred by granting summary disposition for plaintiff on its request for declaratory relief to declare the policy void.  We disagree.  This Court reviews de novo the trial court's summary disposition decision.  *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998).  A motion under MCR 2.116(C)(10) tests the factual support for a claim.  *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995).  A reviewing court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties.  MCR 2.116(G)(5).  Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Babula*, 212 Mich App at 48; see also *Smith v Globe Life Ins Co*, 460 Mich 446, 455-456 n 2; 597 NW2d 28 (1999).

Mary argues that plaintiff did not submit any evidence showing that she or Linda breached the policy, such that the policy is void.  The trial court's ruling was based on two grounds:  (1) that Mary failed to cooperate with the investigation of her claim as required by the policy, by intentionally concealing or misrepresenting material information during the investigation, and (2) that Mary failed to timely provide a sworn proof-of-loss statement.

At her examination under oath, Mary refused to provide several items of requested information, including her date of birth, her Social Security number, her former names, and her financial information.  Mary also denied that she had ever previously filed an insurance claim related to a fire loss.  Plaintiff submitted evidence that Mary previously lived at a house in Livonia that was destroyed by fire in 2003.  That property had also been the subject of a contentious divorce proceeding between Mary and her husband, Edward McCormick, who apparently died before the divorce could be finalized.  Litigation concerning the Livonia property continued after Edward's death when defendants were involved in multiple lawsuits.  Mary was known as "Mary McCormick" while she was married, but she denied using any other names.

The insurance policy expressly provides that plaintiff is not obligated to provide coverage for any loss to an insured who intentionally conceals or misrepresents any material fact or circumstance, engages in fraudulent conduct, or makes a false statement relating to the insurance.  This policy language is consistent with that of MCL 500.2833(1)(c), which provides that every fire insurance policy issued or delivered in this state shall contain a provision "[t]hat the policy may be void on the basis of misrepresentation, fraud, or concealment."

In *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 686-687; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997), this Court stated:

> To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it.  *Rayis v Shelby Mutual Ins Co of Shelby, Ohio*, 80 Mich App 387, 393; 264 NW2d 5 (1978).  A statement is material if it is reasonably relevant to the insurer's investigation of a claim.  *Dadurian v Underwriters at*

-2-

*Lloyd's, London*, 787 F2d 756, 759-760 (CA 1, 1986); *Fine v Bellefonte Underwriters Ins Co*, 725 F2d 179, 183 (CA 2, 1984), cert den 469 US 874 (1985).

We disagree with Mary's argument that plaintiff failed to submit any evidence that she concealed or misrepresented any material information. Mary concedes that she did not reveal that she had previously used the name Mary McCormick when she was married. Mary further admits that she refused to provide personal information to plaintiff, such as her date of birth and Social Security number. Mary had used her married name within the 10-year period preceding the fire. Although Mary claimed that she was concerned about identity theft, she refused to disclose more than just personal identifying information. She refused to produce any official form of identification, including her former name and Social Security number. The failure to provide this information prevented plaintiff from properly investigating Mary and her background, which included multiple lawsuit related to a previous fire at the Livonia property in 2003. Although Mary asserts that any information regarding the 2003 fire at the Livonia property was irrelevant, it was not for Mary to determine what information was material to plaintiff's investigation. Moreover, plaintiff had legitimate reasons for seeking information about prior fires and claims. For instance, plaintiff was entitled to learn whether defendants were attempting to recover for any items that might have previously been destroyed or covered in the 2003 fire. This information was particularly material in this case because defendants claimed to have discarded various items before the investigation was completed and before their inventory list was verified. The trial court did not err by ruling that Mary failed to disclose or misrepresented material information related to plaintiff's investigation of the insurance claim.

We also reject Mary's argument that the trial court erred by finding that she failed to timely submit a sworn proof-of-loss statement. It is undisputed that Mary was required to submit a sworn proof of loss by May 27, 2010, and that she was permitted to mail the form to plaintiff by that date even if plaintiff did not receive it by then, as long as Mary provided evidence showing that it was mailed by May 27.

The general rule is that an insured's failure to timely render a proof-of-loss statement precludes a claim under the policy, absent a waiver of this requirement. The failure to comply with the requirement for timely filing a proof-of-loss statement is considered a condition precedent to the insurer's liability. *Auto-Owners Ins Co v Gallup*, 191 Mich App 181, 183-184; 477 NW2d 463 (1991). The rule applies without regard to whether the insurer was prejudiced. *Dellar v Frankenmuth Mut Ins Co*, 173 Mich App 138, 145; 433 NW2d 380 (1988); see also *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367-368; 817 NW2d 504 (2012). As this Court explained in *Dellar*, 173 Mich App at 145-146:

> The purpose of provisions in an insurance contract requiring the insured to give prompt notice is to allow the insurer to make a timely investigation in order to evaluate claims and to defend against fraudulent, invalid, or excessive claims. *Wendel v Swanberg*, [384 Mich 468, 477-478; 185 NW2d 348 (1971)]. The filing of a proof of loss within sixty days allows the insurer to determine with certitude that the insured demands payment under the policy, the amount of the claim, and the question of its liability.

If the insurer invites the use of the mail to file a proof-of-loss statement, the insurer will bear the risk of the document being lost in the mail. *Gallup*, 191 Mich App at 184.

Michigan also follows the "substantial performance of contract rule," which may apply to the filing of a proof-of-loss statement to create an exception to the strict time requirements for filing a sworn statement of proof of loss. *Gibson v Group Ins Co of Michigan*, 142 Mich App 271, 275-276; 369 NW2d 484 (1985). As explained in *Gibson*, 142 Mich App at 275-276:

> Although cases from foreign jurisdictions allow for the defeat of an insurance claim by any refusal to answer relevant questions during an investigation, the Michigan cases regarding forfeiture of contract rights are fairly summarized by the following commentary:
>
> "Michigan follows the substantial performance of contract rule. The common-law rule was that performance as a condition precedent to recovery on a contract must be strict performance in accordance with the terms of the contract.
>
> * * *
>
> "A contract is substantially performed when all the essentials necessary to the full accomplishment of the purposes for which the thing contracted has been performed with such approximation that a party obtains substantially what is called for by the contract.
>
> "Generally speaking, deviations from the absolute terms of a contract do not necessarily cause a failure of performance, but may entitle a party to extra compensation or damages. Imperfections in the matters of details which do not constitute a deviation from the general plan do not prevent the performance from being regarded as substantial performance. On the other hand, where the deviations or alterations are such as would essentially change the terms of performance, they will be considered as a failure of performance." 6A Michigan Law & Practice, Contracts, § 314, pp 315-316 (footnotes omitted).

Policy provisions requiring the timely submission of a proof-of-loss statement will ordinarily be given effect unless a satisfactory excuse for noncompliance or delay is provided. *Westfield Ins Co v Appleton*, 132 Fed Appx 567, 574; 2005 WL 1313413, 7 (CA 6, 2005).

Although Mary admits that plaintiff did not receive the proof-of-loss statement by the May 27, 2010, deadline, she contends that she substantially complied with the requirement by placing the statement in the mail on May 27, 2010, and hand-delivering a copy to plaintiff on June 3, 2010. She further claims that plaintiff was in receipt of it by June 4, 2010. Mary relies only on a postal cancellation date of May 27, 2010, to support her assertion that she timely filed her proof-of-loss statement. However, that date is not proof that the package was mailed on that date. Moreover, Mary does not dispute that the proof-of-loss statement included with that letter was not sworn. Where an unsigned proof-of-loss statement is submitted, the insured is not considered bound by any of the statements therein as her own. *Barnes v State Farm Fire & Cas Co*, 623 F Supp 538, 540 (ED Mich, 1985). Because there is an important policy reason for requiring a properly signed proof-of-loss statement, substantial compliance is lacking if the

-4-

statement submitted is unsigned. *Id.* The proof-of-loss statement that was hand-delivered on June 3 is dated June 2, beyond the May 27 deadline. Thus, the submitted evidence showed that a proper proof-of-loss statement was not signed under oath and delivered to plaintiff by May 27. Mary's failure to timely submit a signed proof-of-loss statement does not constitute substantial compliance.

Contrary to Mary's assertions, the trial court did not grant summary disposition on the basis of any alleged wrongdoing by Linda. Although plaintiff submitted evidence that Linda also failed to cooperate with plaintiff's investigation, Linda took the position that she was not required to cooperate because she was not an insured under the policy and was not pursuing any claim for benefits. The trial court held that Linda did not have any claim for that reason.

After reviewing the record, we conclude that there was no genuine issue of material fact regarding Mary's failure to satisfy a condition precedent to recovery under the insurance policy with plaintiff. Mary did not provide a sworn copy of the proof-of-loss statement by May 27, 2010, and did not come forward with evidence showing that she timely mailed a proper copy by that date. Mary also failed to fully cooperate with plaintiff's investigation without a valid excuse. Mary's alleged concerns about identity theft did not excuse her from refusing to disclose that she had previously used the name Mary McCormick and that she and her daughter had previously pursued a claim for an earlier fire. No reasonable juror could conclude that Mary's omissions were made innocently and without intent to conceal material information from plaintiff. The trial court properly granted plaintiff's motion for summary disposition and declared the policy void.

## II. CLAIMS AGAINST LINDA MCCORMICK

Plaintiff argues on cross-appeal that the trial court erred by failing to rule that it had no duty to indemnify Linda for any claims she might submit as a possible insured under Mary's policy. It is apparent that the trial court intended its decision to encompass any claims by Linda because when asked whether "the motion is granted as to Linda McCormick," the court clarified that "Linda doesn't have a claim." However, the trial court's judgment did not expressly indicate that it encompassed any claim by Linda such that plaintiff was not liable for any claim that Linda might submit, although the court did declare the policy void. Because the court clearly intended its declaratory ruling to apply to Linda and because Linda does not challenge that ruling, and in fact admitted below that she was not pursuing any claim under the policy, we modify the trial court's order to expressly provide that plaintiff is not liable to indemnify Linda for any claims she may have under the insurance policy.

## III. DAMAGES

Plaintiff also argues on cross-appeal that the trial court erred by failing to award it damages for (1) the costs it incurred in the investigation of Mary's claim, and (2) the monies it advanced to Mary before denying her claim. The trial court rejected plaintiff's request for damages because plaintiff did not cite any authority allowing it to be reimbursed for those expenses. On appeal, plaintiff does not cite any policy provision in support of its request, but instead simply argues that it may recover the specified damages under the general rule that a

party damaged by a breach of contract is entitled to those damages that naturally flow from the breach. See *Huler v Nasser*, 322 Mich 1, 8; 33 NW2d 637 (1948).

Insurance policies are subject to the same principles of construction that apply to any other type of contract. *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Michigan courts follow the rule of *Hadley v Baxendale*, 9 Exch 341; 156 Eng Rep 145 (1854), "that a party who fails to perform its contractual obligations becomes liable for all foreseeable damages flowing from the breach." *Burnside v State Farm Fire & Cas Co*, 208 Mich App 422, 427-428; 528 NW2d 749 (1995). " 'Where there are no special circumstances to distinguish the contract involved from the great mass of contracts of the same kind, the damages recoverable are such as would naturally and generally result from the breach according to the usual course of things[.]' " *Id.* at 427 n 2, quoting *Huler*, 322 Mich at 8. "The party asserting a breach of contract has the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc v Krol,* 256 Mich App 505, 512; 667 NW2d 379 (2003).

With respect to plaintiff's request to recover any advances provided to Mary, plaintiff incorrectly asserts that the policy was found to be void ab initio. A policy that is considered void ab initio is treated as if it never existed. *United Security Ins Co v Comm'r of Ins*, 133 Mich App 38, 42; 348 NW2d 34 (1984). Here, the trial court only ruled that the policy was void, because Mary breached a condition precedent to recovery under the policy. The failure of one party to satisfy a condition precedent simply means that there is no cause of action for failure to perform the contract. See *Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 131; 743 NW2d 585 (2007). Thus, while there was no cause of action on the contract, the policy was not void ab initio. The trial court did not err by denying plaintiff's request to recover any expenses it advanced to Mary before the policy was declared void for failure to satisfy a condition precedent. See *Titan Ins Co v Hyten*, 491 Mich 547, 567; 817 NW2d 562 (2012) (noting that when an insurance policy is cancelled, it is terminated as of the cancellation date and is still effective up to that date).

With respect to plaintiff's request to recover the expenses it incurred in investigating Mary's claim, plaintiff failed to show that these expenses were the direct, natural, and proximate result of Mary's breach. The purpose of the investigation was to determine the validity of Mary's insurance claims in the first instance, i.e., to determine whether she was in breach of the policy's terms. The investigation did not *result from* Mary's breach. Thus, plaintiff failed to show that the expenses it incurred in investigating Mary's claim were the natural result of Mary's breach.

We affirm the trial court's order but modify it to provide that plaintiff is not liable to indemnify Linda for any claims she may have under the insurance policy.

Affirmed as modified. As the prevailing party, plaintiff may tax its costs pursuant to MCR 7.219.

/s/ Kathleen Jansen
/s/ Henry William Saad
/s/ Pat M. Donofrio

-6-