**S T A T E   O F   M I C H I G A N**
**C O U R T   O F   A P P E A L S**

ROBERT ALEKSOV and LYNN ALEKSOV,

      Plaintiffs-Appellants,

v

AUTO OWNERS INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
May 15, 2018

No.  338264
Schoolcraft Circuit Court
LC No.  2016-005052-CK

Before:  RONAYNE KRAUSE, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting defendant summary disposition of this complaint for breach of contract regarding coverage under a home-owners insurance policy for damage to a seasonal cottage situated on the shore of Lake Michigan in Michigan's Upper Peninsula.  The trial court ruled plaintiffs had failed to satisfy the policy's condition requiring a sworn proof of loss be submitted to the insurance company within 60 days after the loss and also agreed with the defendant that the disputed damage from bat waste was excluded from coverage under the policy's pollution exclusion.  We affirm.

I. SWORN PROOF OF LOSS

A. STANDARD OF REVIEW

This Court reviews de novo the trial court's grant or denial of a motion for summary disposition.  *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011).  Although the trial court cited both MCR 2.116(C)(8) and MCR 2.116(C)(10) when it granted defendant summary disposition, the trial court reviewed matters beyond the pleadings; therefore, the court's ruling must be reviewed under MCR 2.116(C)(10).  See *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000).  A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or documentary evidence.  *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012); see also MCR 2.116(G)(3)(b) and (G)(4).  When considering the motion, a court must view the evidence presented in the light most favorable to the party opposing the motion.  *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).  If the moving party carries its initial burden, the party opposing the motion must then demonstrate that there is a disputed material fact by submitting evidence, "the content or substance would be admissible as evidence to establish or deny the grounds stated in the

motion." MCR 2.116(G)(6); *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999). The motion should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anzaldua*, 292 Mich App at 630. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

This Court also reviews de novo the interpretation of a contract and the legal effect of its terms. *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015).

B. ANALYSIS

Based on our de novo review, we affirm the trial court because the undisputed facts establish that plaintiffs failed to submit a sworn proof of loss to defendant within 60 days after the loss, a condition precedent to filing suit against defendant according to the plain terms of the insurance policy. See *Auto-Owners Ins Co v Gallup*, 191 Mich App 181, 183-184; 477 NW2d 463 (1991) ("[T]he general rule [is] that an insured's failure to render a proof of loss within sixty days of the loss precludes a claim under the policy, absent waiver of the sixty-day requirement by the insurance carrier, because compliance with the requirement is considered a condition precedent to the liability of the insurer."); *Reynolds v Allstate Ins Co*, 123 Mich App 488, 490-491; 332 NW2d 583 (1983) ("[W]here the policy includes standard language . . . requiring a *written* proof of loss within 60 days of the loss[,] . . . [the] claim is precluded by his undisputed failure to file any written proof of loss . . . ."). The undisputed facts also show plaintiffs failed to establish a basis to preclude defendant from asserting this defense and also failed to establish that plaintiffs substantially complied with the condition precedent. Thus, the trial court properly granted defendant summary disposition. *Anzaldua*, 292 Mich App at 630.

The homeowners' insurance policy issued by defendant provides, in part:

**WHAT TO DO IN CASE OF LOSS**

**1. PROPERTY**

If a covered loss occurs, the **insured** must:

**a.** give **us or our** agency immediate notice. . . .

**c.** make an inventory of all damaged and destroyed property; show in detail quantities, costs, actual cash value and amount of loss claimed; attach to the inventory all available bills, receipts and related documents that substantiate the figures in the inventory.

**d.** send to **us,** within 60 days after the loss, a proof of loss signed and sworn to by the **insured,** including:

  (1) the time and cause of loss;

  (2) the interest of **insureds** and all others in the property;

(3) actual cash value and amount of loss to the property; . . .

(8) the inventory of all damaged or stolen property required by 1.c. above.

The homeowners' insurance policy also provides as one of its "conditions," as follows:

**g.     SUIT AGAINST US**

**We** may not be sued unless there is full compliance with all the terms of this policy. **Suit** must be brought within one year after the loss or damage occurs

In this case, it is undisputed that plaintiffs did not, at any time after the loss and before filing suit, submit to defendant a sworn proof of loss. It further appears from the plain terms of the insurance policy that the timely submission of a sworn proof of loss is a condition precedent to filing suit against defendant. While not mandated by statute, the terms of the insurance policy in this case are essentially identical to those at issue in *Gallup*, 191 Mich App at 182, and *Reynolds*, 123 Mich App at 489-490. The issue presented is controlled by contract law, and although subject to regulation, insurance contracts are construed in accordance with the principles of contract construction. *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012). When not contrary to law, unambiguous contract language will be enforced as written. *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005); *Group Ins Co v Czopek*, 440 Mich 590, 597; 489 NW2d 444 (1992). There is no basis to conclude that the requirement of submitting a timely, sworn proof of loss is contrary to law. Consequently, absent some countervailing contract defense to enforcing the plain terms of the condition precedent to plaintiffs' ability to sue defendant under the policy, the trial court properly granted defendant summary disposition. See *Gallup*, 191 Mich App at 183-184; *Reynolds*, 123 Mich App at 490-491 (An insurance claim is precluded by the failure to file a written proof of loss within 60 days when required by standard policy language.).

Plaintiffs present two main arguments to excuse their failure to submit a sworn proof of loss to defendant: (1) substantial compliance and (2) waiver or estoppel. See *Dellar v Frankenmuth Mutual Ins Co*, 173 Mich App 138, 144-145; 433 NW2d 380 (1988), *Westfield Ins Co v Appleton*, 132 Fed Appx 567, 570 (CA 6, 2006). Plaintiffs also present two minor arguments to excuse their not submitting a sworn proof of loss.

In their first minor argument, asserted in their appellate reply brief, plaintiffs argue that their nonperformance of the condition should be excused by the impossibility of its performance. Plaintiffs assert that in all dealings between plaintiffs and defendant, the date of the loss was listed as October 25, 2014, which was the last time plaintiffs were at their cabin before the damage was discovered on July 22, 2015. Plaintiffs do not support this argument with authority; therefore, it is deemed abandoned. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Furthermore, although the loss date is listed as 10/25/2014 on correspondence between the parties, defendant never asserted that was the date that the 60-day period for filing a proof of loss commenced. Rather, on July 29, 2015, when defendant's agent Hope Micheau first contacted plaintiffs, she requested that plaintiffs submit a sworn proof of loss and sent plaintiffs the forms to do so. While plaintiffs' argument may have merit if plaintiffs had submitted a

sworn proof within 60 days after July 29, 2015, which defendant rejected as untimely, that did not occur. Rather, defendant argued below that when it sent its September 22, 2015 letter regarding coverage, the 60-day period for submitting a proof of loss had not yet expired. Plaintiffs never submitted the required sworn proof of loss forms to defendant. If the period commenced on the parties' first contact of July 29, 2015, the 60-day period would have expired on September 27, 2015. Moreover, regardless of when the period commenced, plaintiffs never submitted a sworn proof of loss before filing their complaint for breach of contract in this case on April 8, 2016. Consequently, the failure of the condition precedent precludes plaintiffs' suit.

The second minor argument that plaintiffs assert is that the proof of loss requirement applies only to *covered* losses; if a loss is not covered, then no proof of loss is required. This argument is nonsensical. If the loss is not covered by the insurance policy so that a sworn proof of loss is not required, then plaintiffs are conceding that they do not have a valid claim. Thus, summary disposition is properly granted to defendant. Further, because plaintiffs cite no authority to support this circular argument, we consider it abandoned. *Prince*, 237 Mich App at 197.

Plaintiffs have also failed to show substantial compliance with the condition precedent to plaintiffs' ability to sue defendant under the policy, the timely submission of a sworn proof of loss. The undisputed facts show that defendant fully apprised plaintiffs of the necessity of timely submitting a sworn proof of loss. Plaintiffs did not substantially comply with this requirement because they did not comply at all. The doctrine of substantial compliance is a deviation from the common law that required strict performance with the terms of a contract. See *Gibson v Group Ins Co of Michigan*, 142 Mich App 271, 275; 369 NW2d 484 (1985). Under substantial compliance, "[a] contract is substantially performed when all the essentials necessary to the full accomplishment of the purposes for which the thing contracted has been performed with such approximation that a party obtains substantially what is called for by the contract." *Id*. (citation omitted). So while minor deviations may be overlooked, "where the deviations or alterations are such as would essentially change the terms of performance, they will be considered as a failure of performance." *Id*. at 275-276 (citation and quotation marks omitted). In this case, the deviation was not minor. It was major: there was no compliance at all with the condition precedent. "The policy objectives underlying sworn 'proof of loss' statements include: '(1) allowing the insurer an opportunity to investigate the loss; (2) allowing the insurer to estimate its rights and liabilities; and (3) preventing fraud.' " *Westfield Ins Co*, 132 Fed Appx at 574 (citations omitted). While the first two goals were otherwise accomplished without the filing of a proof of loss, the third purpose completely failed. Never submitting a sworn proof of loss is a major defect, and the fraud prevention purpose is not otherwise fulfilled. In sum, substantial compliance did not occur. See *Barnes v State Farm Fire & Casualty Co*, 623 F Supp 538, 540 (ED Mich, 1985). If performance were excused on these facts, the condition would be struck from the policy and would change its terms. *Gibson*, 142 Mich App at 275-276. Plaintiffs' substantial compliance argument fails.

Finally, plaintiffs argue that defendant waived or is estopped from asserting the lack of a sworn proof of loss because defendant failed to mention this failure in their first denial letter of September 22, 2015. Plaintiffs cite *Bartlett Investments, Inc v Certain Underwriters at Lloyd's London*, 319 Mich App 54, 58; 899 NW2d 761 (2017), which in turn quotes *Smith v Grange Mut Fire Ins Co of Mich*, 234 Mich 119, 122-123; 208 NW 145 (1926), as follows:

[I]t must be accepted as the settled law of this State, that, when a loss under an insurance policy has occurred and payment refused for reasons stated, good faith requires that the company shall fully apprise the insured of all of the defenses it intends to rely upon, and its failure to do so is, in legal effect, a waiver, and estops it from maintaining any defenses to an action on the policy other than those of which it has thus given notice.

The *Bartlett* Court also held that where this rule applies, an insured is not required to show that it was prejudiced by the nondisclosure, *Bartlett*, 319 Mich App at 59-60, and that waived defenses are not saved by a general reservation of rights set forth in the denial letter. *Id*. at 61-62.

Plaintiffs' reliance on *Bartlett* is misplaced. It is conceded that defendant did not mention plaintiffs' failure to submit a sworn proof of loss it its September 22, 2015 letter to plaintiffs that plaintiffs characterize as defendant's first denial letter. But plaintiffs' characterization of the letter is not accurate. Defendant captioned the letter a "Coverage Position Letter," in which defendant stated that as defendant then understood the facts, certain parts of plaintiffs' claim (water damage) was covered but that damage from bats was excluded by various provisions in the policy. The letter not only enclosed a partial payment of the covered portion of the claim, but invited further response if defendant's understanding of the facts was wrong. The letter concluded that "if there is any other additional information you believe to be relevant to the question of coverage, or if you believe that any of the facts or information stated, upon which Auto-Owners has relied, is not accurate, please advise." Thus, rather than a flat denial, the letter invited further information on the issue of coverage for the claimed damage from bats. Indeed, several letters between the parties concerning that issue followed, culminating in defendant's letter of December 22, 2015, that its position regarding coverage had not changed.

Further, if the 60-day period for submitting a proof of loss had yet to expire on September 22, 2015, as the trial court ruled, the trial court also correctly ruled that doctrine of waiver of defenses not stated in the first denial letter could not be applied to the defense of failing to submit a sworn proof of loss because that defense had yet to accrue. On September 22, 2015, plaintiffs still had until September 27, 2015 to submit a proof of loss that would comply with the 60-day period that commenced July 29, 2015, when defendant's agent spoke to plaintiffs and sent a letter that was captioned in bold and capital letters: "**REQUEST FOR PROOF OF LOSS**". Text in the body of the letter also stated in bold: "**The Proof of loss must be filed in accordance with the applicable policy provisions.**" The forms necessary to complete and submit a proof of loss were enclosed with the July 29, 2105 letter.

Moreover, the policy grounds on which the doctrine of waiver of defenses rests are not present in this case. The doctrine of waiver of defenses is based on two prongs: (1) fair notice to the insured of possible policy defenses, see *Smith*, 234 Mich at 122-123, and (2) knowledge on the part of the insurance company of available defenses at the time it denies a claim. See *Martinek v Firemen's Ins Co*, 247 Mich 188, 191; 225 NW 527 (1929) ("Waiver and estoppel are founded upon knowledge of facts."). In *Martinek*, the insurance company did not waive a defense it was not aware of until after suit was filed. *Id*. at 191-192. See also *Ruddock v Detroit Life Ins Co*, 209 Mich 638, 653; 177 NW 242 (1920), in which the Court opined that the insurance company "surely should not be estopped . . . from making a defense of which it then had no knowledge or notice." It follows that defendant could not have waived a defense that had

yet to accrue. From defendant's first contact with plaintiffs on July 29, 2015, plaintiffs were advised that they were required to submit a sworn proof of loss as a condition of payment of their claim. Here, plaintiffs had fair notice of the need to file a sworn proof of loss to comply with the policy terms and conditions. Additionally, defendant could not have known of a defense yet to accrue at the time of the September 22, 2015 letter.

Finally, defendant did more than assert a unilateral reservation of rights to preserve future policy defenses during its interactions with plaintiffs regarding coverage for claimed losses. In *Barlett*, 319 Mich App at 61-62, this Court held that a general reservation of rights contained in a denial letter was ineffective to preclude waiver of unstated defenses. "If general reservation-of-rights language [in a denial letter] were sufficient to comply with an insurer's obligations, then insurers would be able to issue overly broad and vague denial letters without giving their insureds any indication of which provisions in the policy they ultimately intend to rely on in denying coverage." *Id*. But, in this case, defendant issued more than a unilateral general reservation of rights in a letter to the insured. Rather, early in its investigation of plaintiffs' claim by an adjuster defendant hired, plaintiff Robert Aleksov signed a "Non-Waiver Agreement" on August 4, 2015. This agreement, in pertinent part, provides:

> After initial investigation there appear to be issues that may limit or prevent recovery under the policy.
>
> The INSURED and the INSURANCE COMPANY mutually agree that it is to the advantage of each of them to cooperate in an investigation of the cause and the amount of loss or damage pending the determination of their respective rights, duties and obligations under the policy.
>
> * * * * *
>
> The INSURED and the INSURANCE COMPANY therefore mutually agree that any action taken by the INSURANCE COMPANY, directly or through its agents, in investigating the cause or the amount of loss, shall not waive or invalidate any of the insuring agreements, conditions, or exclusions of the insurance policy.

Because there was a signed non-waiver agreement, the present case is distinguished from the unilateral reservation of rights asserted in the denial letter in *Barlett*, 319 Mich App at 61-62. Rather, this case is similar to *Fenton v National Fire Ins Co*, 235 Mich 147; 209 NW 42 (1926). In *Fenton*, the adjuster also secured a non-waiver agreement. The Court found that the insurance company took no actions that indicated intent to waive the requirement of the insured submitting a proof of loss. *Id*. at 150-151. The Court held that "[t]he failure to furnish proof of loss within the time provided in the policy is fatal to [the] plaintiff's claim." *Id*. at 151.

In sum, the undisputed facts establish that plaintiffs failed to submit a sworn proof of loss to defendant within 60 days after the loss, a condition precedent to filing suit against defendant according to the plain terms of the policy. Plaintiffs have failed to establish that defendant waived this defense and also failed to establish that they substantially complied with this condition precedent. While the September 22, 2015 letter did not mention the requirement of submitting a proof of loss, on that date the 60-day period to submit one had not expired, so the

defense had not yet accrued. Moreover, plaintiffs, through Robert Aleksov, signed a non-waiver agreement stating that any action of defendant "shall not waive or invalidate any of the insuring agreements, conditions, or exclusions of the insurance policy." There is no basis for not enforcing the non-waiver agreement. Because plaintiffs failed to satisfy the sworn proof of loss condition precedent, the trial court correctly granted defendant summary disposition.

## II. BAT DAMAGE AND THE POLLUTION EXCLUSION

Because the trial court correctly granted defendant summary disposition on the basis of plaintiffs' failure to file a sown proof of loss in accordance with terms of the policy of insurance, the issue whether the alleged damage from bats is also excluded from coverage under the policy's pollution exclusion is moot. "An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000). And, "[a]s a general rule, an appellate court will not review a moot issue." *Id.* While this Court may decide issues that are technically moot when they involve matters of public significance and are likely to recur in the future and yet evade judicial review, *Contestti v Attorney General*, 164 Mich App 271, 278; 416 NW2d 410 (1987), this exception does not apply to this case. Consequently, we decline to address this issue.

We affirm. As the prevailing party, defendant may tax its costs pursuant to MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Riordan